[Civ. No. 1550.    Second Appellate District.—June 24, 1915.]

## HIGHLAND PARK INVESTMENT COMPANY (a Corporation), Respondent, v. R. D. LIST et al., Appellants.

CORPORATION LAW—DIRECTORS—NATURE OF OFFICE—TRUSTEES.—Directors of a corporation are trustees and subject to the requirements and obligations of persons occupying that relation as defined in section 2230 et seq., of the Civil Code.    .

ID.—LIABILITY OF TRUSTEE—DEALINGS WITH TRUST PROPERTY.—A fundamental obligation of trusteeship is that a trustee may not obtain any benefit or advantage over his *cestui que trust*. The law looks with strictness amounting to suspicion upon all transactions had by a trustee respecting the trust property, and the burden is generally cast upon the trustee in such a case to make a clear showing of the absence of fraud and lack of good faith.

ID.—CONTRACT OF TRUSTEE—PERSONAL BENEFIT—RULE.—While it has been frequently held that any contract by which an agent or trustee reaps a benefit at the cost of his principal, may be set aside at the option of the principal, the rule has been ameliorated so far as to uphold transactions which have been entered into after full disclosure of all the facts and upon adequate consideration.

ID.—SALE OF PROPERTY TO CORPORATION—INTEREST OF VICE-PRESIDENT AND DIRECTOR IN—RIGHT OF RECISSION—WHEN PROFITS NOT RECOVERABLE.—A sale of real property to a corporation made upon the recommendation of one who at the time of the negotiations and sale was its vice-president and director, may be rescinded by the corporation, where such officer and director concealed from the corporation the fact that he had recently purchased the land and induced the corporation to buy it at an advanced figure; but the corporation is not entitled to retain the property and recover the profits made by the director on the resale, in the absence of evidence showing that he purchased the property during the time the corporation was negotiating for it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Tom C. Thornton, and Tobias R. Archer, for Appellants.

Edwin A. Meserve, and Paul H. McPherrin, for Respondent.

JAMES, J.—Appeal from a judgment in favor of the plaintiff and from an order denying defendants' motion for a new trial.

This action was brought to recover a sum of money alleged to have been secured by appellant R. D. List as a secret profit upon a sale of certain lots of land to plaintiff corporation. It is alleged in the complaint that List was a director and agent of plaintiff corporation and as such undertook to carry on negotiations for the purchase of the land in question, and that he reported to the corporation that the same could be purchased for the sum of eight thousand dollars. It is then alleged: "That said R. D. List, unknown to the plaintiff corporation, subsequent to the time that the negotiations for the purchase by the corporation of said lots had begun and prior to the 27th day of August, 1908, had purchased said lots in the name of his wife, the defendant Iola R. List, paying therefore the sum of approximately $2,700 in cash, and agreeing to give $2,000 par value of the stock of the plaintiff corporation, making a total consideration for the said purchase of said lots of $4,700, which facts were unknown to the plaintiff corporation on the 27th day of August, 1908, and the same were not discovered by the plaintiff corporation until on or about the .... day of April, 1909, when the plaintiff corporation for the first time became aware of the facts concerning said transaction." Other allegations set forth that at a meeting of the board of directors of the plaintiff corporation held on the twenty-seventh day of August, 1908, List being present, it was resolved that the plaintiff corporation purchase the real property referred to and pay therefor the sum of eight thousand dollars, two thousand dollars in stock of the corporation at par and six thousand dollars in cash. The court in the findings determined that prior to the 27th day of August, 1908, R. D. List learned that the lots of land described in plaintiff's complaint could be purchased for the price of two thousand dollars in cash and two thousand dollars in stock and by the payment of certain street liens, and that said List reported to the officers and directors of the corporation that the property could be purchased for eight thousand dollars; that between the entering into of the negotiations and the twenty-seventh day of August, by conferring with the different directors said List learned that the directors of the corpo-

ration, upon his recommendation, would vote for the purchase of said lots for the price of eight thousand dollars, and that thereupon, without disclosing the fact to his fellow-directors, said List proceeded to purchase the lots, taking title in the name of his wife, at the less price, and without disclosing to the corporation that he had so purchased them, completed the transaction for their transfer at the price of eight thousand dollars to the corporation, reaping a profit thereby of $3,326.

Directors of a corporation are trustees and subject to the requirements and obligations of persons occupying that relation as defined in the Civil Code, section 2230 et seq. Mr. Cook in his work on Corporations (6th ed., vol. 2, sec. 648), says: "While courts of law generally treat directors as agents, courts of equity treat them as trustees and hold them to a strict account for any breach of the trust relation. For all practical purposes they are trustees when called upon in equity to account for their official conduct. The obligation of this trusteeship, whether to the corporation or to the stockholders, has been the basis of ascertaining what acts of directors constitute a fraud, and what remedies may be applied." A fundamental obligation of trusteeship is that a trustee may not obtain any benefit or advantage over his *cestui que trust.* The law looks with strictness amounting to suspicion upon all transactions had by a trustee respecting the trust property, and the burden is generally cast upon the trustee in such a case to make a clear showing of the absence of fraud and that there was no lack of good faith. There was evidence in this case, given by several witnesses, which showed that on the twenty-seventh day of August, 1908, when a director's meeting of the plaintiff corporation was held R. D. List attended that meeting, and that while recommending to the board that the purchase of the lots of land be made, he failed to disclose the fact that he had become the purchaser thereof, or had any interest of any kind whatsoever in the land. If his disclosure had been full and complete and the price proposed to be charged for the land had appeared to be fair and reasonable, then the transaction might have been completed where the votes of a majority of the directors other than the interested director (as the case was) were in favor of the purchase. While it has been frequently held that any contract by which an agent or

trustee reaps a benefit at the cost of his principal may be set aside at the option of the principal, the rule has been ameliorated so far as to uphold transactions which have been entered into after full disclosure of all the facts and upon adequate consideration. (*Golson* v. *Dunlap*, 73 Cal. 157, [14 Pac. 576].) Under the condition shown by the proof as to non-disclosure of the facts as to the List ownership in the lands, there was abundant cause, if the corporation so desired, to rescind the contract and insist upon having restored by List everything of value received by him from the corporation under the transaction. We find difficulty, however, in sustaining particular of the findings of the trial judge which were essential to the judgment. The judgment sought and recovered in this case was not one of rescission; the corporation elected to retain what it had received from List and to secure from him the profits which he had made on the sale of the land. There is no doubt but that such a judgment would have been proper were it shown that while the board of directors, of which List was one, was negotiating for the purchase of this property, List secretly obtained title thereto and thereupon resold the property to the company, making a profit thereon. The evidence as it is set out in the transcript does not show that the directors had taken up the matter of the purchase of these particular lots prior to the meeting of August 27, 1908. It appeared without dispute that List had purchased the lots five days prior to this time. None of the witnesses, directors, and stockholders of plaintiff corporation, testified to having talked with List regarding the desire of the corporation to purchase the lots prior to the day upon which the directors' meeting was held at which the resolution authorizing the purchase was adopted. Upon this state of the evidence, the legal situation presented is no different than had it appeared that List had become the owner of the lots thirty or ninety days, or more, prior to the twenty-seventh day of August. If he made the purchase for himself in good faith, he might have resold the property to the corporation at a profit, dealing openly and fairly, and no objection could have been made thereto. If having so acquired the property he used his influence as a member of the board to induce the corporation to buy at an advanced figure the land and, as the evidence here showed, concealed

from the corporation the fact that he was the real owner, then the corporation, at its option, might rescind the contract; but it could hardly compel an accounting for profits from its director in such a case. The facts and circumstances shown in evidence do not support the findings as to the essential matters indicated herein.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1915.