[Civ. No. 3326. First Appellate District, Division One.—May 24, 1920.]

## N. BAR DUE, Respondent, v. SARAH COX, Appellant.

[1] APPEAL—PRESENTATION OF POINTS — INSUFFICIENCY OF BRIEFS.—
The appellate court is not called upon to consider objections to the judgment and action of the trial court which are merely stated without citation of authority, or any argument beyond the bare statement of the point.

[2] NUISANCES—MALICIOUS ERECTION AND MAINTENANCE OF FENCE—
EVIDENCE—FINDING.—In this action, brought by the plaintiff under the provisions of the act of the legislature of May 28, 1913 (Stats. 1913, p. 342), to have a certain fence, wholly erected and maintained upon the premises of the defendant, declared a private nuisance, and removed forthwith, or reduced to a height not exceeding ten feet, the trial court properly concluded from the evidence introduced, and particularly from the circumstances surrounding the erection of the fence, that it unnecessarily exceeded ten feet in height, and was maliciously erected, and so maintained, for the purpose of annoying the plaintiff and his tenants.

[3] ID.—CONSTITUTIONALITY OF ACT OF LEGISLATURE.—The act of the legislature of May 28, 1913 (Stats. 1913, p. 342), which provides that any fence or other structure in the nature of a fence, unnecessarily exceeding ten feet in height, maliciously erected or maintained for the purpose of annoying the owner or occupants of adjoining property, shall be deemed a private nuisance, for the abatement of which such owner or occupant may enforce the remedies prescribed in the section of the Civil Code, is not unconstitutional.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur E. Nathanson for Appellant.

J. H. Morris for Respondent.

2. Liability for malicious erection of fences, generally, notes, 40 L. R. A. 177; 25 L. R A. (N. S.) 831; 52 L. R. A. (N. S.) 736.
Right of adjoining owner to enjoin fence of unusual height, notes, 9 Ann. Cas. 734; Ann. Cas. 1915A, 718.

WASTE, P. J.—The plaintiff brought this action to have a certain fence, wholly erected and maintained upon the premises of the defendant, declared a private nuisance and removed forthwith, or reduced to a height not exceeding ten feet. He also prayed that the defendant be enjoined and restrained from preventing or interfering with plaintiff, should plaintiff undertake to abate and remove the fence, or go upon the property of the defendant for that purpose. The action was predicated upon the alleged ground that said fence was maliciously erected and maintained to annoy plaintiff, and any of his tenants who might occupy his flats, and upon the theory that the fence excluded the light and air of plaintiff's tenants, to the annoyance and prejudice of plaintiff, and to the damage of plaintiff's property. At the conclusion of plaintiff's testimony, defendant moved for a nonsuit, which was denied. Defendant then introduced considerable testimony. On submission of the case judgment was rendered for the plaintiff and the defendant appeals.

The action is brought by the plaintiff under the provisions of the act of the legislature of May 28, 1913 (Stats. 1913, p. 342), which provides that any fence or other structure in the nature of a fence, unnecessarily exceeding ten feet in height, maliciously erected or maintained for the purpose of annoying the owner or occupants of adjoining property, shall be deemed a private nuisance, for the abatement of which such owner or occupant may enforce the remedies prescribed in the sections of the Civil Code.

[1] Appellant in his opening brief specifies some eleven points as "questions involved in this action." He presents, however, but two with that particularity which invites our consideration. The remaining objections to the judgment and action of the trial court are merely stated without citation of authority, or any argument beyond the bare statement of the point. As an example we cite appellant's sixth point: "Errors of law in denying defendant's motion for a nonsuit." In his brief, under the title "Motion for Nonsuit," he merely quotes *verbatim* the reporter's transcript of the motion made in the court below and the court's ruling, without a single comment. At another point in the brief appellant inserts the heading "Insufficiency of the evidence to sustain the findings of fact, conclusions of law

and the judgment," followed by some seventy-seven pages of extracts from reporter's transcript, without argument, comment, or suggestion as to why this testimony is insufficient. In his closing brief appellant merely asserts that there is "no substantial conflict" in the testimony. We are not called upon to consider points so stated. (*Gray* v. *Walker,* 157 Cal. 381, 386, [108 Pac. 278]; *Dore* v. *Southern Pac. Co.,* 163 Cal. 182, [124 Pac. 817].)

In view of the importance of the legal questions involved, however, we have examined the contention that the act of the legislature, under which the suit was brought, is unconstitutional, and have read much of the evidence in the transcript, to determine for ourselves its sufficiency to sustain the finding of the court, that the fence in question unnecessarily exceeds ten feet in height, and was maliciously erected, and is so maintained, for the purpose of annoying the plaintiff and his tenants.

[2] The plaintiff and the defendant are adjoining property owners. Some years prior to the commencement of the suit the plaintiff moved an old dwelling to the rear of his lot, so that it practically abuts on defendant's property. The latter thereafter erected, wholly within the line of her own property, the fence in question, but so close to the rear of plaintiff's structure that it effectively shut off the view from the lower windows of plaintiff's house and obstructs the light and air thereof. Defendant has grown vines over this tight board fence, which she waters at times, and the testimony is that the water is thrown through the cracks of the fence and wets the interior of the lower flat of plaintiff's premises. Defendant has constantly prevented workmen engaged in repairing plaintiff's premises from in any way going upon her lot and has exhibited an embittered feeling and a defiant attitude toward the plaintiff and his tenants. From photographs and the evidence of witnesses it is apparent that the fence effectually boards up the lower windows of plaintiff's lower flat. There does not seem to be any necessity for it being maintained at a height in excess of ten feet. This is evidenced by the fact that the fence on the property line of defendant adjoining another owner is of a different character and not so high. The fact of its peculiar construction, the way it is maintained in front of plaintiff's property, the attitude of defendant as testified to

by various witnesses, and the whole circumstances surrounding its erection and maintenance, plainly indicate a malice on the part of defendant toward the plaintiff. This, we think, was the only logical conclusion to be drawn from the evidence, and was the ultimate fact for the trial court to determine, in the light of these circumstances.

[3] In support of her contention that the act is unconstitutional, defendant relies upon two decisions of the supreme court of California, construing the act of the legislature of March 9, 1885, "regulating the height of division fences and partition walls in cities and towns." This act is set out in full in the case of *Western Granite & Marble Co.* v. *Knickerbocker*, 103 Cal. 111, 114, [37 Pac. 192]. The gist of that decision is that the fence there under consideration was a division fence and that it was not competent for the legislature to vest in the adjoining proprietor the power to prevent his neighbor from building such a structure on his own property, provided it is not a nuisance. The other case is *Ingwersen* v. *Barry*, 118 Cal. 342, [50 Pac. 536], which is based upon the Western Granite case. The act we are now construing was, however, passed after these decisions, and, judging by their context, with the purpose of supplying the very element necessary to render it effective, which was missing from the former statute—the malicious maintenance of a private nuisance. Under the authority of *Flaherty* v. *Moran*, 81 Mich. 52, [21 Am. St. Rep. 510, 8 L. R. A. 183, 45 N. W. 381]; *Rideout* v. *Knox*, 148 Mass. 368, [12 Am. St. Rep. 560, 2 L. R. A. 81, 19 N. E. 391], and *Horan* v. *Byrnes*, 72 N. H. 93, [101 Am. St. Rep. 670, 62 L. R. A. 602, 54 Atl. 945], we believe it to be constitutional.

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1920, a majority of the Justices not having assented to the granting thereof.