[Civ. No. 8611.   Second Appellate District, Division Two.—October 9, 1934.]

HELEN CLARK, Appellant, v. MOUNTAIN STATES LIFE INSURANCE COMPANY, Respondent.

D. Chase Rich for Appellant.

J. B. Irsfeld and Douglas Fawcett for Respondent.

SCHMIDT, J., *pro tem.*—On the twenty-fifth day of October, 1928, appellant and respondent entered into a temporary agreement in writing whereby appellant agreed to lease from respondent and respondent agreed to let to appellant eight hundred and thirty (830) square feet of the second floor of a building under construction on Yucca Street, near Vine Street, in Hollywood, California, for the purpose of conducting a business known as a beauty parlor. This preliminary agreement provided for a lease to be executed when the building was completed, which lease was thereafter executed on the fifteenth day of July, 1929, under which appellant went into possession. Attached to said agreement was a blue-print, which showed the floor plan with one window on the east side, two windows on the west side and eight windows on the south or front side of the building, all of which windows could be opened. The dimensions of the floor space involved were forty-eight (48) feet from east to west, with a maximum depth from north to south of approximately twenty-one (21) feet, and the portion thereof served by the windows was a single open area divided twenty-one (21) feet from the east and twenty-seven (27) feet from the west by a semi-partition running north and south, which did not extend to the ceiling, same being just high enough so persons could not see over it and forming two compartments, one on the east and one on the west. Of the eight windows to the south, three were in the east compartment and five in the west compartment; three doors at the rear or north side opened into a hallway of the building, and above the doors were transoms which could be opened. Elevator shafts were located in this hallway.

At the time appellant went into possession, the lands on the east and west sides of the building were unimproved. Respondent owned the land on the east, but did not own that on the west. Approximately two months after appellant went into possession respondent constructed on its

property on the east a two-story addition to the building in which appellant had leased her space, thus cutting off the light and ventilation from that window, which window was thereafter bricked in and plastered. About fourteen months after appellant went into possession a building on the west side was constructed, two stories in height, cutting off the light and ventilation from appellant's west windows, which were likewise bricked in.

Thereafter appellant filed a complaint against respondent, alleging that the latter had agreed that in the conduct of appellant's business it was essential that she have at all times ample air, light and ventilation; that without the side (east and west) windows she could not successfully conduct her business; that respondent would not erect during the term of her lease any improvements on the east side, and that any improvements that might be constructed on the west would be not less than thirty (30) feet from the premises leased to appellant; that the side windows would remain unobstructed so as to permit light and air to pass through them into her premises. It was also alleged that respondent gave appellant the use of the side windows for the term of her lease. She further alleged that as a part of said lease agreement appellant was given the right for herself and customers to use the parking space in the rear of said building so long as the same remained unimproved with buildings, and that contrary to said agreement the officers and employees of respondent continued to park their automobiles in said parking space so that appellant has been and is entirely deprived of the use and enjoyment thereof, and that by reason of which appellant and her customers were obliged to park their automobiles upon the street or within public stations. She claims damages by reason of the loss of ventilation and light from the side windows and of being deprived of the use of the aforementioned parking space.

From findings and judgment in favor of respondent, appellant has appealed. She raises many questions, the principal one being whether or not a landlord may cut off the light and ventilation of his tenant without responding in damages.

It will be noted that the lease did not in so many words guarantee any easement of light and air. However, appel-

lant claimed an easement of light and air by reason of an alleged oral agreement. Testimony of conversations from which it was claimed the oral agreement existed was permitted by the trial court over objection of respondent that same was an attempt to vary the terms of a written agreement. We are not called upon to pass on this objection. Nevertheless, it will be noted that from the evidence on that subject matter there was a conflict, and the trial court made its findings in favor of respondent.

In *Kennedy* v. *Burnap*, 120 Cal. 488 [52 Pac. 843, 40 L. R. A. 476], the Supreme Court discusses at length the question of implied grant of easement for light and air, and following the decisions in other jurisdictions, adopted as the rule in this state that there is no grant of a right to air and light from any length of continuous enjoyment or the granting of such a right from the mere conveyance of a house with windows overlooking the land of the grantor; that to do so without express words would greatly embarrass the improvement of estates and, by reason of the very indefinite character of the right asserted, promote litigation, and concludes that there is not any right of this character that can be acquired without express grant of an interest in or covenant relating to the lands over which the right is claimed.

When the relation of landlord and tenant exists between the parties, the above rule is subject to the qualification that if the thing which is claimed by the tenant is an appurtenance or incident of the demised premises, or is the thing without which the demised premises would become untenantable, thus resulting in an eviction actual or constructive, the thing will pass to the tenant by implication. In the case at bar appellant by her own witnesses showed that the premises occupied by her had not become untenantable. Although she claimed damages for loss of business, her books produced in court showed that her business had continued at substantially the same level of income. Also, numerous witnesses called by her, after testifying that the premises were not as comfortable as prior to the bricking in of the windows, stated that they continued to go to the place for scalp treatments, that being the actual business conducted by appellant.

The remaining contention of appellant is that she was given a guarantee of parking space. On this issue the trial court permitted appellant to attempt to prove an oral agreement to the effect claimed by her. On a conflict of evidence the trial court found against her contention. Courts of review in this state have repeatedly held that on a conflict of evidence they will not disturb the finding of the trial court. This finding of the trial court must be upheld from express agreements of the parties: the preliminary agreement states ''that the party of the second part shall have the right to use the parking space at the rear of the lot so long as same shall be available for that purpose''; while in the lease we find, ''Lessor hereby grants to lessee the right to the use of automobile parking space on property belonging to lessor at the rear of the building as long as lessor continues to use the same for that purpose.''

In view of the foregoing it is not necessary to discuss in detail each finding of the trial court.

Judgment affirmed.

Stephens, P. J., and Desmond, J., concurred.