[Civ. No. 17948.   Second Dist., Div. Three.   May 4, 1951.]

BRUCE BLAIR, Appellant, v. RICHARD H. MAHON, as Executor, etc., Respondent.

George W. Rochester for Appellant.

Cyril Moss and George Appell for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to an order sustaining the demurrer of Florence Z. Mahon, referred to as defendant, to the second amended complaint without leave to amend in a suit to establish a constructive trust. Florence Z. Mahon died after the commencement of the action and the executor of her will was substituted in her stead.

The complaint alleged:

Plaintiff at all times mentioned prior to October 1, 1945, was in the Army. In July, 1944, he was in England preparing to depart for France for combat. While in England, between July 3 and 24, 1944, he received a document dated July 31, 1944, by which he agreed that the sum of $5,000, in stocks and cash, should be distributed to him from the estate of Herman Zuber, his paternal grandfather, and by which he assigned to Grace A. Zuber, his maternal grandmother, Lucile Blair, his mother, and Florence Z. Mahon, his maternal aunt, such additional amounts as he "might have been entitled to

if distribution were made in accordance with the terms of the Will.'' The document in full is set forth in the margin.[1] When plaintiff received the document it was signed by Cecilia Blair, his sister, Donald Blair, his brother, and Lucile Blair, his mother, and blank spaces were provided for his signature and those of Grace Zuber and defendant Florence Z. Mahon.

[1] "CYRIL MOSS,
    706 Garfield Building,
    Los Angeles 14, California,
    TRinity 9019.
    Attorney for Executrix

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LOS ANGELES

"In the Matter of the Estate of  No. 231,623.
HERMAN ZUBER,  AGREEMENT AS TO THE DISTRIBUTION
Deceased.  OF ESTATE

"The undersigned, being the widow, and all of the legatees under the Will of the above named decedent, whose estate is being probated herein, agree that the said estate shall be distributed as follows:

"1.  To CECILIA BLAIR, DONALD BLAIR and BRUCE BLAIR the sum of $5,000.00 each, free and clear of all inheritance or other taxes. Said persons hereby assign to GRACE A. ZUBER, FLORENCE Z. MAHON and LUCILE BLAIR, such additional amounts as they might have been entitled to if distribution were made in accordance with the terms of the Will. Said amounts shall be distributed to them in the form of a rateable proportion of the stocks or bonds bequeathed to them in the Will, to be determined by the Executrix of this estate, and if the value of said stocks nearest to the amount of $5,000.00 each does not exactly equal $5,000.00, the Executrix shall distribute to them the difference in cash.

"2.  The balance of the estate after payment of all claims, administration expenses and inheritance and other taxes, shall be divided equally between GRACE A. ZUBER, FLORENCE Z. MAHON and LUCILE BLAIR. At such time as said balance can be determined, a supplemental agreement shall be entered into by and between said GRACE A. ZUBER, FLORENCE Z. MAHON and LUCILE BLAIR, specifying the manner and form in which the balance of said assets of this estate shall be distributed to them in equal proportions. Each of the said persons hereby assigns the one to the other, such sums or assets of the estate to which they would otherwise be entitled to if said estate were distributed in accordance with the terms of the Will.

"Dated this 31st day of July, 1944.

/s/ GRACE A. ZUBER
    Grace A. Zuber
/s/ FLORENCE Z. MAHON
    Florence Z. Mahon
/s/ LUCILE BLAIR
    Lucile Blair
/s/ CECILIA BLAIR
    Cecilia Blair
/s/ DONALD BLAIR
    Donald Blair
/s/ BRUCE BLAIR
    Bruce Blair''

Plaintiff signed and mailed the document prior to July 24, 1944. He became 21 years of age on July 24, 1944, and left for France on that day.

The document was mailed to plaintiff by Florence Z. Mahon or her agent. It was not accompanied by any letter or explanation, or any disclosure of information with reference to the death of Herman Zuber or as to the terms of his will, or any information or facts as to any distributive share plaintiff was entitled to receive under the will. Because he was in the Army and about to depart for France for combat, he was unable to acquire any information or knowledge of his rights. Defendant knew plaintiff's incapacity to gain any independent information or knowledge in reference to his interests or rights under his grandfather's will. Placing trust and confidence in Florence Z. Mahon and Grace Zuber and in the fact that the document was signed by his mother, sister, and brother, and being in no position to seek or obtain advice from any other person, being entirely ignorant of the facts, except as informed by the document, believing that his relatives would deal fairly and justly with him, believing that his interest in his grandfather's estate was $5,000 in stocks and cash, knowing nothing of his rights under his grandfather's will, and without any consideration to him, he signed the document and returned it to defendant through the Army Post Office.

Plaintiff returned to Los Angeles on October 12, 1945, and thereafter resided with his mother. In June, 1948, in a conversation with his mother, Lucile Blair, he learned for the first time that his mother, his grandmother, Grace Zuber, and defendant Florence Z. Mahon, on May 13, 1944, five days after the death of his grandfather, agreed to sign the document and agreed to have plaintiff, his sister Cecilia and his brother Donald ''hand over their respective inheritances'' in the estate of their grandfather for $5,000 each in stocks and cash, and that defendant, his grandmother, and his mother would divide the remainder of the estate equally between them. His mother did not know how much he was entitled to receive under the will of his grandfather but she relied on her mother, Grace Zuber, and her sister, defendant Florence Z. Mahon, ''for all information, and that they would protect and deal justly with the plaintiff, his sister and his brother.'' The will was in the possession of defendant Florence Z. Mahon.

Immediately upon receiving the foregoing information, plaintiff consulted with an attorney, inspected the file in his grandfather's estate in the office of the county clerk, and

learned that (1) Herman Zuber died in the county of Los Angeles on May 8, 1944, leaving a will in which he bequeathed to plaintiff 700 shares of Union Oil Company stock; (2) defendant Florence Z. Mahon had petitioned for probate of the will; it had been admitted to probate, and defendant had been appointed executrix.

Defendant prepared the document knowing that plaintiff had been bequeathed 700 shares of Union Oil Company stock and that they would be distributed to him. Defendant, as executrix, maintained a fiduciary relationship to plaintiff as a legatee under the will. She violated her trust when, with knowledge of the contents of the will and plaintiff's inability to gain independent information respecting his interests and rights under the will, she failed to disclose to him that his grandfather had bequeathed to him 700 shares of the capital stock of the Union Oil Company, having an appraised value of $19.25 per share, or $13,475, as of May 8, 1944.

If plaintiff had known the true facts, he would not have signed the document or consented to receive 259 shares of Union Oil Company stock.

Defendant "became and still is unjustly enriched by the use and benefit of plaintiff's said stock she now holds, contra to her trust and duty imposed upon her as Executrix of said Will, to deal fairly and communicate all material facts in connection with a transaction between herself and plaintiff, a beneficiary under said Will."

The file in his grandfather's estate in the office of the county clerk contains a receipt purportedly signed by plaintiff on January 9, 1945, acknowledging receipt of 259 shares of Union Oil Company stock. On that date plaintiff was in combat in World War II in Europe. He did not sign the receipt.

Plaintiff informed his mother of the true facts and she transferred to him the 147 shares of Union Oil Company stock which had been bequeathed to him and which she had received from the estate.

The court, in the estate of Herman Zuber, acted on the document signed by plaintiff; and pursuant thereto, on January 8, 1945, distributed to defendant and to Grace Zuber, plaintiff's grandmother, 147 shares each of the 700 shares of Union Oil Company stock bequeathed to plaintiff by the will. In May, 1946, Grace Zuber transferred these 147 shares to defendant and they are now held by her "in her own name." Defendant now holds and has possession of 294 shares of said stock, registered in her name, which were bequeathed to and

belong to plaintiff. Had it not been for the alleged violation and breach of trust on the part of defendant as executrix, said shares would have been distributed to plaintiff pursuant to the will.

The 294 shares are the property of plaintiff, and defendant "holds legal title to said shares of capital stock in trust for the plaintiff herein, and to his use and benefit."

The prayer is for a decree that (1) plaintiff is the sole owner of the 294 shares; (2) defendant holds them in trust for plaintiff; (3) defendant be directed to transfer them to plaintiff, or in the event of her failing so to do, for judgment for their value; (4) defendant be required to account for the dividends therefrom; (5) plaintiff be awarded general relief.

The grounds of demurrer were: (1) the second amended complaint does not state facts sufficient to constitute a cause of action; (2) the action is barred by the provisions of subdivisions 3 and 4 of section 338 and section 343 of the Code of Civil Procedure; (3) uncertainty.

As we have said, the demurrer was sustained without leave to amend. Following the prevailing practice in the court below, a practice which is not at all helpful to a reviewing court, neither the minute order nor the judgment discloses the ground on which the court sustained the demurrer. We are unable to discern it.

The obvious purpose of the suit is to impress a trust on the shares of stock bequeathed to plaintiff and distributed to defendant and Grace Zuber. A confidential relation existed between defendant as executrix of the will of Zuber and plaintiff as a legatee in the will. ■ Defendant was an officer of the court and occupied the position of a trustee, holding the property devised and bequeathed for the benefit of the devisees and legatees. (*Johnston* v. *Long,* 30 Cal.2d 54, 63 [181 P.2d 645] ; *Sears* v. *Rule,* 27 Cal.2d 131, 148 [163 P.2d 443] ; *Larrabee* v. *Tracy,* 21 Cal.2d 645, 650 [134 P.2d 265].)

■ She was bound to the utmost good faith in her transactions with plaintiff. It was her duty to disclose all the facts to him and to refrain from taking an unfair advantage of him. (*Sears* v. *Rule, supra,* 148. See, also, *Allen* v. *Meyers,* 5 Cal.2d 311, 315 [54 P.2d 450] ; Rest., Trusts, § 170(2) ; Scott on Trusts, 909, § 170.25.) ■ If there is a duty to speak because of a trust or confidential relation, a failure to do so is a species of fraud for which equity may afford relief. (*Larrabee* v. *Tracy,* 21 Cal.2d 645, 651 [134 P.2d 265].) On

the facts alleged it would be unconscionable for a court of equity to hold that defendant fulfilled her obligations.

Civil Code section 2217 reads: "An involuntary [constructive] trust is one which is created by operation of law." Civil Code section 2223 reads: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Civil Code section 2224 provides: "One who gains a thing by . . . the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Civil Code section 2243 reads: "Everyone to whom property is transferred in violation of a trust, holds the same as an involuntary trustee under such trust, unless he purchased it in good faith, and for a valuable consideration." In *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423], the court stated: "The theory of a constructive trust was adopted by equity as a remedy to compel one to restore property to which he is not justly entitled, to another. The person holding the property may have acquired it through fraud, undue influence, *breach of trust, or in any other improper manner* and he is usually personally liable in damages for his acts. But the one whose property has been taken from him is not relegated to a personal claim against the wrongdoer which might have to be shared with other creditors; he is given the right to a restoration of the property itself. The title holder is, therefore, said to be a constructive trustee holding title to the property for the benefit of the rightful owner, but he is not charged with responsibility based upon either the actual or presumed intention of the parties. (Sec. 2224, Civ. Code; *Burns* v. *Ross*, 190 Cal. 269 [212 P. 17]; Restatement, Restitution, sec. 160.)" (Italics added.) (See, also, *Rankin* v. *Satir*, 75 Cal.App.2d 691, 695 [171 P.2d 78]; Scott on Trusts, 2317, § 462.2.)

*Highland Park Inv. Co.* v. *List*, 27 Cal.App. 761, 763 [151 P. 162], says that "A fundamental obligation of trusteeship is that a trustee may not obtain any benefit or advantage over his *cestui que trust*. The law looks with strictness amounting to suspicion upon all transactions had by a trustee respecting the trust property, and the burden is generally cast upon the trustee in such a case to make a clear showing of the absence of fraud and that there was no lack of good faith."

Civil Code section 2228 provides: "In all matters connected

with his trust, a trustee is bound to act in the highest good faith toward his beneficiary, and may not obtain any advantage therein over the latter by the slightest . . . concealment . . .'' Civil Code section 2229 reads: ''A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust, in any manner.'' And Civil Code section 2237: ''A trustee who uses or disposes of the trust property, contrary to section two thousand two hundred and twenty-nine, may, at the option of the beneficiary, be required to account for all profits so made, or to pay the value of its use, and, if he has disposed thereof, to replace it, with its fruits, or to account for its proceeds with interest.''

According to the allegations of the second amended complaint, while plaintiff, a minor, was in a strange land, far from his home and family, about to leave for France for combat, defendant, without disclosing to him the fact that he was entitled to receive 700 shares of stock of a value of about $13,475 from his grandfather's estate, sent him a document by which he agreed to receive $5,000 in stocks and cash as his share of the estate, and, without any consideration to him, secured to herself from him 294 shares of the stock which was bequeathed to him by his grandfather's will and which would have been distributed to him. Her failure to disclose all of the facts amounted to fraudulent concealment. We think it clear on these facts that defendant violated her trust as executrix, that she holds the 294 shares as an involuntary trustee for plaintiff, and that the complaint states facts sufficient to constitute a cause of action.

Defendant claims that the suit is a collateral attack on the decree of distribution in the estate of Herman Zuber. The contention is without merit. The issues in the present suit do not affect the decree of distribution. The decree remains effective to give legal title to Grace Zuber and defendant, but an involuntary trust is enforced in a separate suit in equity without attack on the probate proceedings. (*Sears* v. *Rule*, 27 Cal.2d 131, 139 [163 P.2d 443].)

One of the grounds of the demurrer was that the action is barred by the provisions of subdivisions 3 and 4 of section 338 and section 343 of the Code of Civil Procedure. Ordinarily in a suit to establish an involuntary trust the statute of limitations begins to run when the trust relation is terminated. (*Knapp* v. *Knapp*, 15 Cal.2d 237, 241 [100 P.2d 759].) As defendant was the executrix of

the will of Herman Zuber, her possession of the shares of stock up to the time of distribution must be taken to have been in her capacity as executrix, and the statute did not begin to run until distribution was had. (*Brazil* v. *Silva,* 181 Cal. 490, 499 [185 P. 174].) An involuntary trust arose when the stock was distributed by the probate court. (*Sears* v. *Rule,* 27 Cal.2d 131, 139 [163 P.2d 443].) Distribution was had on January 8, 1945. The complaint was filed October 28, 1948. Thus the action was commenced within the four-year period prescribed by section 343. If, as defendant argues, the suit is grounded in fraud, the applicable statute is subdivision 4 of section 338 and, under the principles stated at length in *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 436-44 [159 P.2d 958], which need not be repeated, the statute of limitations began to run in June, 1948, at the time plaintiff discovered the fraud.

█ Plaintiff has shown by the allegations of the second amended complaint that he had no notice or knowledge of any suspicious facts or circumstances prior to June, 1948; that at that time he was first put on notice of possible fraud; that immediately thereafter he made an investigation, discovered the fraud, and commenced the action. It follows that the action is not barred by subdivision 4 of section 338 of the Code of Civil Procedure.

█ The second amended complaint states facts sufficient to constitute a cause of action, and the action is not barred by the statute of limitations. Denial of leave to amend was an abuse of discretion even if the demurrer on the ground of uncertainty was well taken. (*Hancock Oil Co.* v. *Hopkins,* 24 Cal.2d 497, 510 [150 P.2d 463].) Defendant does not argue this ground. We have, however, examined the points of claimed uncertainty and find them to be untenable.

The judgment is reversed with directions to overrule the demurrer and permit defendant to answer.

Shinn, P. J., and Wood (Parker), J., concurred.