[Civ. No. 17490. First Dist., Div. One. Aug. 12, 1958.]

EUGENE A. TALIAFERRO, Appellant, v. GLEN SALYER et al., Defendants; MRS. FRANCIS McCARTHY, Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

Masterson & Edwards for Respondent.

BRAY, J.—Plaintiff appeals from judgment on order sustaining demurrer of defendant Mrs. Francis McCarthy to sixth amended complaint.

QUESTIONS PRESENTED

1. May a special demurrer which lacks specifications of grounds of objections be considered?

2. Was it error to sustain the demurrer to the fourth, fifth and sixth counts?

3. Was defendant's general demurrer insufficient?

## 1. *Special Demurrer.*

The demurrer was both general and special. The special grounds were stated in the words of section 430, Code of Civil Procedure, as "a misjoinder of parties defendant," "several causes of action . . . improperly united and not separately stated," the complaint "is ambiguous" and "uncertain." No specifications or particulars were included. It is well settled that lack of such specifications requires that the special demurrer be disregarded. See *Coons* v. *Thompson,* 75 Cal. App.2d 687 [171 P.2d 443] ; *O'Callaghan* v. *Bode,* 84 Cal. 489, 495 [24 P. 269] ; 2 Witkin, California Procedure, p. 1480; 39 Cal.Jur.2d 224, 225.

 We have no way of knowing whether or not the trial court sustained the special demurrer.[1] It would have been error to do so. Such error would be immaterial if the complaint failed to state a cause of action and a general demurrer was properly sustainable.

## 2. *Fourth Count.*

There are nine counts in the sixth amended complaint. However, defendant is expressly excluded from all but the fourth, fifth and sixth counts.[2]

The substance of the various counts, other than counts fourth, fifth and sixth, is that the defendants named in each, who include the building inspector of Contra Costa County, formed a conspiracy to destroy and impair the rental and market value of plaintiff's described real property, by certain described acts, for which acts plaintiff seeks damages. In the fourth count, plaintiff alleges that all defendants including defendant McCarthy conspired to interfere with plaintiff's property rights in his house and lot to impair their value, and that pursuant to such conspiracy defendants McCarthy and Giannini "built and constructed structures upon their lots immediately adjacent to plaintiff's property . . . in violation of the Building Codes of the County of Contra Costa and considerably in excess of the height of plaintiff's building . . . so as to interfere with and cut off plaintiff's easement for light and air." Also the two last mentioned defendants "con-

---

[1]See *Blair* v. *Mahon* (1951), 104 Cal.App.2d 44, 49 [230 P.2d 832], where the court said referring to the practice of the trial courts not to disclose the grounds on which a demurrer is sustained, that it is "a practice which is not at all helpful to a reviewing court . . ."

[2]Plaintiff's opening brief, page 2, states: "None of the other causes of action made mention of Respondent [defendant McCarthy] or charged her in any way wtih complicity or liability."

structed a fence greatly in excess of a height of six feet immediately adjacent to plaintiff's property . . . and in such a manner to interfere with and cut off plaintiff's easement for light and air . . ." Plaintiff does not know the exact height of the fence and it is constructed in violation of the county's building code; the interference with and cutting off of plaintiff's easement of light and air has made plaintiff's property completely valueless. Alleging that defendants' conduct was malicious, plaintiff prays for $5,000 conpensatory damages and $20,000 punitive damages, and the elimination of any interference with plaintiff's "easement of light and air." Thus the gravamen of this count is the construction of buildings and a high fence on the properties of defendants Giannini and McCarthy in violation of the building code and in pursuance of a conspiracy with the other defendants to damage plaintiff's property by cutting off the light and air on plaintiff's property. Plaintiff states in his opening brief that he "was not endeavoring to set up any easement in a technical sense arising by implication."[3] He contends, however, that the county building laws and regulations in establishing set back lines and a fence height of 6 feet create "mutual rights and obligations existing concurrently as between two adjoining landowners" and that a violation of any of those regulations will give rise to a cause of action by one of those landowners against the one causing the violations and gives to each a "right to the free and uninterrupted passage of light and air above the heights fixed by the maximum height provisions of the Building Code." ▮ Thus, the question posed by this count is, can an adjoining property owner recover damages from an adjoining landowner who constructs a house and fence above the limits prescribed by county building regulations for alleged interference with light and air. The answer is no, for the reason that one landowner has no easement over adjoining land for light and air. The limitations in a building code do not confer on an adjoining landowner any such easement. As one landowner has no right to light and air from adjoining land, he cannot claim damages when the adjoining landowner does something strictly on his own property which shuts off the air and light previously coming over the first landowner's property.

[3]He further states: "Appellant recognizes that such an easement does not exist in this State. *Kennedy* v. *Burnap*, 120 Cal. 488 [52 P. 843, 40 L.R.A. 476]."

■ It is well settled in California that easements for light and air cannot be created by implication but only by express grant or covenant. (*Kennedy* v. *Burnap* (1898), 120 Cal. 488 [52 P. 843, 40 L.R.A. 476]; *Bryan* v. *Grosse* (1909), 155 Cal. 132 [99 P. 499]; *Clark* v. *Mountain States Life Ins. Co.* (1934), 1 Cal.App.2d 301 [36 P.2d 848].)

Plaintiff has cited no case to the effect that the building of a structure on one's property in excess of the height permitted by a building ordinance gives rise to a cause of action by an adjoining owner because of interference with the latter's light and air. As to the construction of a fence over 6 feet in height, plaintiff principally relies upon *Bar Due* v. *Cox,* 47 Cal.App. 713 [190 P. 1056], where an adjoining property owner built a fence at the property's dividing line in excess of 10 feet in height. The reviewing court upheld a judgment of the trial court finding that the maintenance of the fence was malicious and constituted a private nuisance to the adjoining owner and that it must be removed. The court, however, was applying an act of the Legislature of 1913 (Stats. 1913, p. 342) which provides that any fence or structure in the nature of a fence, unnecessarily exceeding 10 feet in height, maliciously erected or maintained for the purpose of annoying the occupants of adjoining property, shall be deemed a private nuisance for the abatement of which such occupant may enforce the remedies prescribed by the Civil Code.
■ This statute is not applicable here, as there is no contention that the fence is 10 feet or over high, and there is no law making the maintenance of a 6-foot division fence on one's own property a private nuisance. In *Haehlen* v. *Wilson,* 11 Cal.App.2d 437 [54 P.2d 62], the reviewing court, reversing a judgment of the trial court which found that the maintenance of a 6½-foot division fence constituted a private nuisance to the adjoining property owner, said (p. 441) : ''The doctrine of 'ancient lights' does not apply in California, but in any event it could not be held that a fence six and one-half feet in height would violate such a right, even if it were a recognized rule in California.

''We therefore can find no invasion by defendants of any right of plaintiffs. Defendants may use their land for all lawful purposes to which such lands may be applied providing they exercise ordinary care to prevent unnecessary injury to the adjoining land owner. Surely the erection of a fence six and one-half feet in height to protect their property from trespassers is not an unusual or unlawful act.''

In the exercise of the police power a local government can impose restrictions on the maximum height of buildings for the purpose of securing adequate sunlight to promote public health in general. (See *Brougher* v. *Board of Public Works* (1930), 107 Cal.App. 15 [290 P. 140].) And likewise such government can restrict the height of fences. However, a violation would not necessarily give a private individual a cause of action therefor. In order to state a cause of action based upon a violation of the building code, plaintiff must show that he has suffered some exceptional damage other than that suffered by the public generally. As plaintiff has no easement of light and air he cannot complain, in the absence of a statute or of circumstances such as appear in *Griffin* v. *Northridge,* 67 Cal.App.2d 69 [153 P.2d 800], none of which are alleged here, giving him the right to complain, of the shutting off of light and air to his property. Also, the fact that plaintiff's complaint alleges the value of his property is damaged by the proximity of the unlawful structures does not entitle him to damages nor to have the structures declared a nuisance. (See *Biber* v. *O'Brien,* 138 Cal. App. 353, 361 [32 P.2d 425] ; *Severy* v. *Central Pac. R. R. Co.,* 51 Cal. 194; *Bigley* v. *Nunan,* 53 Cal. 403.)

### Fifth Cause of Action

This contains allegations similar to those in the fourth cause, but alleges additionally that coconspirators McCarthy and Giannini built structures upon their lots immediately adjacent to plaintiff's property in violation of the building codes, so close to the sidewall on plaintiff's property ''as to render it physically impossible for any human being to secure ingress and egress between the two buildings for the purpose of making repairs or for any other purpose whatever . . .'' It then alleges the repairs essential to the maintenance of plaintiff's building which he cannot make because he cannot get between the two buildings, thereby causing his building to deteriorate, for which he asks damages and also injunctive relief. Plaintiff has cited no cases which hold that set back lines required by a building ordinance creates a servitude or gives an adjoining property owner the right to use for any purpose of his own the portion of the other owner's land included within the set back line. Even if defendant had constructed her building within the set back lines required by ordinance (if there be any such requirements) plaintiff would have no right to go on her property to repair his building

or for any other purpose. (See *Favot* v. *Kingsbury* (1929), 98 Cal.App. 284, 291 [276 P.2d 1083]; *Irrigation Dist.* v. *Mt. Shasta P. Corp.* (1927), 202 Cal. 56, 67 [259 P. 444, 56 A.L.R. 264].) Hence any violation by defendant of the ordinance in this respect could not possibly give any cause of action to plaintiff.

### SIXTH CAUSE OF ACTION

 This includes most of the allegations of the preceding cause and alleges additionally that the structures and buildings erected by defendants McCarthy and Giannini "encroach" upon plaintiff's property. At first blush it might appear that this count states a cause of action for, of course, a property owner may maintain an action against an adjoining owner who constructs a building which encroaches upon the former's land. However, it appears from the other allegations that there is no actual encroachment in the sense of any portion of defendants' structures being on plaintiff's property, that plaintiff is referring to the interference with light and air to his property and to the construction of a building on defendants' own property, thereby preventing plaintiff from going between plaintiff's building and defendants' building to repair plaintiff's building.

Neither the fourth, fifth nor sixth counts state a cause of action and hence the general demurrer to them was properly sustained. It would seem that, having amended his complaint six times, if there were any facts which could constitute a cause of action plaintiff would have alleged them. Plaintiff does not claim to have facts additional to those pleaded. Therefore, the trial court was well justified in sustaining the demurrer without leave to amend.

### 3. *Defendant's Demurrer.*

 Plaintiff contends that because of a double negative in the demurrer the demurrer must be completely disregarded. It states that the ". . . Fourth, Fifth, Sixth . . . Counts of the Sixth Amended Complaint, *nor any of them, do not state a cause of action . . .*" (Emphasis added.) While this is poor grammar, it is obvious that it is a mere clerical error, which the trial court properly should have disregarded and did.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.