Benjamin **FULILAR**, Catalina Fulilar, Antonio Valenzuela, Lena Valenzuela, Nora Stewart, Reginald Stewart, Glen Huettis, Jean Huettis, Tom Baker, Nancy Baker, Rance Reed, Saturnina Tacusalme, Francisco Tacusalme, Plaintiffs,

v.

**CITY OF IRWINDALE, City of Irwindale Community Redevelopment Agency, City of Irwindale Planning Commission, City Engineer Carlos Alvarado, Defendants.**

No. CV 89–4899–RJK.

United States District Court, C.D. California.

March 15, 1991.

Moseley & Leech, Ralph J. Leech, El Monte, Cal., for plaintiffs.

Law Offices of Steven N. Skolnik, Bonnie Z. Yates, Santa Monica, Cal., for defendants.

### MEMORANDUM OF DECISION AND ORDER

KELLEHER, Senior District Judge.

This action concerns monetary damages pursuant to 42 U.S.C. § 1983. Defendants City of Irwindale, City of Irwindale Redevelopment Agency, City of Irwindale Planning Commission, and Carlos Alvarado moved for judgment on the pleadings of Plaintiffs' Second Amended Complaint claiming that Plaintiffs have failed to allege the deprivation of any constitutionally protected property interest.

The Court heard oral argument on Defendants' motion on January 7, 1991. Having considered the arguments of counsel, the Court grants Defendant's motion for judgment on the pleadings without further leave to amend the complaint.

## I

Plaintiffs own the parcel of land located on the City of Duarte side of its border with the City of Irwindale. They complain that a building permit issued by the City of Irwindale authorized a development to be erected too close to their property, violating an Irwindale zoning ordinance. Plaintiffs contend that Irwindale's issuance of the building permit damaged them by diminishing the value of their properties. Plaintiffs further assert that Defendants deprived them of their procedural and substantive due process rights.

Defendants filed an earlier motion to dismiss the second amended complaint on the ground that the complaint did not allege facts showing a denial of due process. The Court denied this motion. Defendants' present motion for judgment on the pleadings focuses on a deficiency in Plaintiffs' complaint which it claimed had not been addressed by the Court. Defendants claim that Plaintiffs have failed to allege the deprivation of any constitutionally protected property interest.

Plaintiffs filed no opposition to this motion.[1]

---

1. Plaintiffs apparently rested on their opposition to to Defendants' prior motion to dismiss. That motion was predicated on the proposition that Plaintiffs alleged only a single isolated incident in their complaint; thus, the complaint was fatally defective because, in order to hold a municipality under § 1983, Plaintiffs must have alleged that the governmental action was pursuant to a governmental policy or custom. However, the Court considers the issue in that motion to be different from the issue in this partic-

## II

In order for a person to establish that the state has deprived him of property without due process, he must first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process. *Paratt v. Taylor*, 451 U.S. 527, 536, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Mehta v. Surles*, 905 F.2d 595, 598 (2nd Cir.1990).

## III

In order to establish a property right, Plaintiffs must show that they had a cognizable property right in the nondevelopment of the abutting strip of the neighborhood land which was subject to the zoning ordinance setback requirement.

In *Taliaferro v. Salyer*, 162 Cal.App.2d 685, 328 P.2d 799 (1958), Plaintiff alleged that his neighbors had conspired with a county building inspector to destroy and impair the rental and market value of Plaintiff's property by building structures and fences on adjoining property which ignored setback requirements and height limitations of the county building code. The Court held that the building of a structure on one's property in excess of the height permitted by a building ordinance did not create a property right in an adjoining owner because of interference with the latter's air and light. *Id.* 328 P.2d at 801. Furthermore, the Court held that setback lines required by a building ordinance do not create a servitude in the adjoining property owner. *Id.* at 802–803.

Thus, Plaintiff, in this case, would need, among other things, an express easement, covenant, or servitude in order to have a property right interfered with by the building of the development in violation of the setback lines. Plaintiffs' complaint does not assert such a property right, nor could it properly make such an assertion; it merely states that the buildings were built without regard to the setback requirement and that, as a proximate and direct result,

ular motion. Thus, Plaintiffs reliance on their

each plaintiff suffered general damages in the amount of $100,000.

Plaintiffs, therefore, have not identified a property right in this case. In California, the rights in land ownership do not include the right to prevent one's neighbor from developing his property all the way up to a common lot line.

## IV

Plaintiffs, in their complaint, assert that the city of Irwindale's failure to recognize the setback zoning requirement, allowing a development to be built too close to their property, caused them damage by diminishing the value of their property. However, governmental action allegedly causing a decline in property values has never been held to deprive a person of property within the meaning of the Fourteenth Amendment. *See Fusco v. State of Conn.*, 815 F.2d 201 (2nd Cir.1987); *Penn Central Transportation v. City of New York*, 439 U.S. 883, 99 S.Ct. 226, 58 L.Ed.2d 198 (1978); *Nollan v. California Coastal Comm.*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

Thus, even if Plaintiffs were able to establish a property right, they could not prove that Irwindale's action deprived them of this right.

## V

Any 42 U.S.C. § 1983 action must contain two elements: (1) the conduct was committed by a person acting under color of state law and (2) the conduct deprived Plaintiff of rights secured by the Constitution or federal law. *Parratt*, 451 U.S. at 535, 101 S.Ct. at 1912.

The requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, when a plaintiff has no protected property right or interest at stake, he cannot state a claim under § 1983 for denial of his due process rights. *Contra Costa Theatre*,

previous opposition is erroneous.

*Inc. v. City of Concord,* 511 F.Supp. 87, 90 (N.D.Cal.1980), *aff'd* 686 F.2d 798 (9th Cir. 1982), *cert. denied,* 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). "And where no constitutionally protected property interest is at stake, there is no basis for a federal court to examine the claim that the procedures actually followed were not in accordance with state requirements." *Id.*[2]

Plaintiffs have not stated a constitutionally protected property interest in their complaint. Thus, although Plaintiffs' complaint alleged that the city of Irwindale deprived them of their property without due process, they have failed to state a claim under § 1983.

## VI

For the reasons stated by the Court above, Defendants' motion for judgment on the pleadings of Plaintiff's second amended complaint is granted without further leave to amend the complaint.

---

**2.** The Court also rejected the argument that regardless of the nature of the interest at issue, if a hearing is required by the applicable rules or ordinances, then a denial of due process in the conduct of such a hearing gives rise to a cause of action under § 1983.