[Civ. No. 1048.   Second Appellate District.—January 15, 1912.]

MARY E. S. FURMAN, Respondent, v. GEORGE F. CRAINE et al., Appellants; JAMES O. CRAINE, JAMES O. CRAINE, as Administrator of the Estate of MARGARET E. CLEAVELAND, Deceased, Respondent.

SPECIFIC PERFORMANCE—CONTRACT TO ADOPT CHILD AS HEIR—EQUITABLE OWNERSHIP OF ESTATE.—Where the parents of a daughter four years old agreed with its childless widowed aunt to surrender to her all control of the child, under a written contract that, in consideration thereof, she would adopt, rear and educate it as her own child and make it her heir at law, so that it would inherit her property at her death, and the parents performed all on their part, and the child became and remained in her aunt's home as her daughter, and performed all the duties of a daughter in her home until married, after which she still held her relations toward the aunt as her mother, until her death, about twenty-four years from the date of the contract, a court of equity will enforce specific performance of the contract, as against collateral heirs, and decree her to be the equitable owner of the estate as against them.

ID.—SPECIAL GROUND FOR RELIEF IN EQUITY—ADEQUATE COMPENSATION NOT ESTIMABLE.—The surrender of their child on the part of the parents, the presumed detriment to the plaintiff from the severing of the paternal ties, and the love, obedience and companionship given to the aunt, followed by the relationship assumed between them, consisting of numerous and nameless delicate services and attentions, cannot be measured in gold. The law furnishes no

standard by which the value of such services can be estimated, and equity can only make an approximation in that direction by decreeing the specific execution of the contract.

ID.—PRESENTATION OF CLAIM AGAINST ESTATE NOT REQUIRED—ENFORCE-MENT OF EQUITABLE OWNERSHIP—TRANSFER OF TITLE.—It was not necessary that the complaint should show that, before the filing thereof, the plaintiff presented a demand or claim for the property to the administrator. Sections 1493 and 1500 of the Code of Civil Procedure, as to the presentation of claims, have no reference to an action for specific performance, in which it is not claimed that the estate is indebted to plaintiff, or that she holds any claim payable out of the estate in the course of administration; but that plaintiff is the equitable owner of the whole residue of the estate, and as such entitled to a conveyance from those having the legal title.

ID.—ADMINISTRATOR AS A PARTY — ORDINARY RULE — INJUNCTION.—Ordinarily, it is not necessary or proper that the administrator should be a party to such an action; but it is held that, in this case, the administrator was a proper party to the present action, in order to enjoin him from paying or delivering any part of the estate to the collateral heirs, who are defendants to the action.

ID.—ACCRUAL OF CAUSE OF ACTION—DEATH OF AUNT—ABSENCE OF LACHES.—The cause of action, involved in the action for specific performance of the contract of heirship, did not accrue until the date of the death of the adopting aunt. The adoption was not the cause of action, but merely the means of obtaining the property left at her death. Where the action was brought within two years from the date of her death, and in time to enforce specific performance of the contract of heirship before distribution of the estate, the action is not barred by limitation nor by laches. Mere delay for a period of time less than the statute of limitations does not constitute laches.

ID.—LOSS OF WRITTEN CONTRACT—MUTILATED COPY—PAROL EVIDENCE OF CONTENTS.—Where the agreement between the aunt and plaintiff's parents was executed in duplicate, and both copies were left with the aunt, and at the time of her death only one mutilated copy was found, disclosing the signatures of the parties and the names of the witnesses, but containing little of the substance of the agreement, and the other copy could not be found after diligent search, the evidence was sufficient to establish the loss and to admit parol evidence of its contents.

ID.—COMPETENCY OF WITNESS TO CONTENTS—PARENTS OF PLAINTIFF—ADMINISTRATOR AS PARTY.—The cause of action not being upon a claim against the estate of a deceased person, within subdivision 3 of section 1880 of the Code of Civil Procedure, the parents of the plaintiff, the father of whom was the administrator of the estate of the deceased aunt, not a necessary party to the action,

were competent to testify to the contents of the lost and mutilated instrument.

ID.—PROPER TESTIMONY OF PLAINTIFF.—The plaintiff was properly permitted to show that she performed the obligations and duties devolving upon her as the daughter of the deceased, not as a mere stranger, but in reliance upon the status of mother and daughter which she believed to exist, and that her belief was justified by the conduct and representations made to her by the deceased.

ID.—OTHER COMPETENT TESTIMONY — CONVERSATIONS, CONDUCT AND ACTIONS OF AUNT—CONSTRUCTION OF CONTRACT.—It was proper to prove by witnesses, including the depositions of witnesses properly taken, conversations, conduct and actions on the part of the aunt, which tended to show that she construed the agreement as creating the relation between her and the plaintiff of mother and child by adoption.

ID.—ANSWER PROPERLY STRICKEN OUT—ALLEGED FRAUD OF PLAINTIFF AND HER FATHER—FABRICATION OF TESTIMONY.—Where the answer properly took issue upon the alleged agreement, an averment therein that plaintiff and her father had conspired together in fabricating testimony to prove the existence of the alleged contract, knowing that no such contract had been made, was properly stricken out.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. M. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Murphy & Poplin, Shankland & Chandler, and C. White Mortimer, for Appellants.

John H. O'Connor, and Hunsaker & Britt, for Plaintiff, Respondent.

James P. Hogan, and M. M. Meyers, for Defendant, Respondent.

SHAW, J.—It appears from the findings that on June 2, 1884, when plaintiff was four years of age, Margaret E. Synnot, who at the time of her death was known as Margaret E. Cleaveland, a childless, widowed sister of defendant James O. Craine, made an agreement in writing with the latter and his then wife, Emma Craine, who were the father and mother of plaintiff, whereby they forever surrendered

to Synnot the control, custody and society of plaintiff, and relinquished to her all claims and rights which they had to and over plaintiff by reason of being her parents, in consideration of which Synnot agreed to take, adopt, rear and educate plaintiff as her own child, and give her all the rights of a child in and to her estate and to make plaintiff her heir at law so she would inherit the property of Synnot upon the latter's death. Plaintiff's parents fully performed all of the conditions on their part agreed to be performed, and Synnot upon the execution of the agreement took charge of plaintiff and thenceforward, until plaintiff's marriage in November, 1900, had and exercised exclusive control, custody and care of plaintiff in all respects as her adopted daughter, and during all of said time plaintiff lived with Margaret E. Synnot as a member of her family and performed all the duties and obligations of a daughter to her up to the time of her said marriage, after which, though occupying a residence of her own, she continued to discharge her duties as a daughter of Margaret E. Synnot, until the latter died, intestate, on April 23, 1908, leaving neither issue, husband, father nor mother surviving her. That while said Margaret E. Synnot did not legally adopt plaintiff, she frequently stated to plaintiff, and to others in her presence, that she had adopted plaintiff, and that plaintiff was her heir at law and upon her death would inherit her estate, by reason whereof plaintiff was led to believe, and did believe, that she was the legally adopted daughter and heir at law of said Synnot, and in reliance thereupon after she came to years of discretion she remained with said Margaret E. Synnot as a member of her family and gave her the affection and obedience of and in all respects conducted herself as the daughter of said Margaret E. Synnot. That plaintiff's parents and Margaret E. Synnot believed and understood that the agreement so entered into between them had the legal effect of establishing between plaintiff and said Margaret E. Synnot the relation of child and parent, and conferred upon plaintiff the statute and rights of an adopted child. At the time of the commencement of the suit, all of the claims against the estate and all costs and expenses of administration had been paid, and the estate was ready for distribution.

The defendants appealing are nephews and nieces of two deceased brothers and a deceased sister of Margaret E. Synnot. James O. Craine was the administrator of the estate of said Margaret E. Synnot, deceased, and as such was made a party defendant in the action upon an allegation therein to the effect that he would, unless restrained by the process of court, pay over and deliver to said defendants the estate so remaining in his hands for final distribution. The court by its judgment declared plaintiff to be the equitable owner of all the estate remaining in the hands of the administrator for distribution, and adjudged and decreed that the defendants, other than James O. Craine as administrator of said estate, held the legal title to all said property in trust for the benefit of plaintiff, and that they, or in default of so doing, that the clerk of the court execute to plaintiff a conveyance sufficient in law to transfer said property to her, and enjoining James O. Craine from the payment or delivery of any of said property to any of said defendants in pursuance of any decree of distribution which may be made in the matter of said estate.

The appeal is from the judgment and from an order of court denying defendants' motion for a new trial.

1. The right of plaintiff to have specific enforcement of the alleged contract upon the facts found is supported by overwhelming authority. (*Van Tine* v. *Van Tine* (N. J.), 1 L. R. A. 155, 15 Atl. 249; *Healey* v. *Simpson*, 113 Mo. 340, [20 S. W. 881]; *Sharkey* v. *McDermott*, 91 Mo. 647, [60 Am. Rep. 270, 4 S. W. 107]; *Burns* v. *Smith*, 21 Mont. 251, [69 Am. St. Rep. 653, 53 Pac. 742]; *Johnson* v. *Hubbell*, 10 N. J. Eq. 332, [66 Am. Dec. 773].) While in the case of *Owens* v. *McNally*, 113 Cal. 444, [33 L. R. A. 369, 45 Pac. 710], specific performance was denied as against the widow of deceased, the ground therefor clearly distinguishing the case from this, it was there said, with reference to a like agreement, that "a court of equity will enforce such an agreement specifically by treating the heirs as trustees and compelling them to convey the property in accordance with the terms of the contract." That there was an adequate consideration for the promise fully appears, it being shown that when plaintiff was four years of age the relation existing by nature between plaintiff and her parents was

severed, and in lieu thereof an artificial relation created for the purpose of satisfying the maternal cravings of this childless aunt. Plaintiff entered her household as her child and she, her parents and her aunt, upon sufficient grounds, thought and believed that she had been adopted as the child of Margaret E. Synnot, and thenceforward for nearly twenty-four years she was so recognized by Synnot. The surrender of their child on the part of the parents, the presumed detriment to plaintiff due to the severing of the paternal ties, and the love, obedience and companionship given the aunt, followed by the establishment of the artificial relation, cannot be measured in gold. "There are things which money cannot buy; a thousand nameless and delicate services and attentions, incapable of being the subject of explicit contract, which money, with all its peculiar potency, is powerless to purchase. The law furnishes no standard whereby the value of such services can be estimated, and equity can only make an approximation in that direction by decreeing the specific execution of the contract." (*Sutton* v. *Hayden*, 62 Mo. 101; *Healey* v. *Simpson*, 113 Mo. 340, [20 S. W. 881].)

2. Defendants appealing demurred to the complaint upon the ground, that, inasmuch as it did not appear therefrom that plaintiff, prior to filing the same, had presented to the administrator any demand or claim for the property, as provided in sections 1493 and 1500, Code of Civil Procedure, it did not state facts sufficient to constitute a cause of action. The action of the court in overruling the demurrer is assigned as error. These sections of the code have no reference to actions of the character here presented. Plaintiff did not claim that the estate was indebted to her, and she held no claim payable out of the estate in course of administration. Her contention is that she is the sole beneficiary of a trust impressed upon the property remaining after the payment of costs of administration and all claims against it, and as such equitable owner entitled to a conveyance thereof from those holding the legal title. In an action the purpose of which is merely to enforce such trust by way of specific performance, and in the absence of any affirmative relief being asked against the administrator, he is not a necessary, or even proper, party defendant. In the case at bar he is prop-

erly made a party defendant because of allegations showing a necessity for the order asked restraining him from paying or delivering the property to the defendants. That the asserted ownership of the property, based upon the existence of a trust created by the owner thereof in her lifetime for the benefit of plaintiff, is not a claim within the meaning of sections 1493, 1495 and 1500, Code of Civil Procedure, is sustained by numerous authorities. (See *Fallon* v. *Butler,* 21 Cal. 24, [81 Am. Dec. 140] ; *Estate of Swain,* 67 Cal. 637, [8 Pac. 497] ; *McCabe* v. *Healy,* 138 Cal. 81, [70 Pac. 1008] ; *Estate of Dutard,* 147 Cal. 253, [81 Pac. 519].) An examination of the authorities cited by appellants to the contrary discloses that they were all cases involving claims properly so called, against an estate for money, and wherein it was sought to establish the right thereto by action instituted against the administrator or executor of decedent.

3. For like reasons, the court did not err in sustaining the demurrer to the second separate defense contained in the answer, since it was based upon the failure of plaintiff to present the claim for allowance in accordance with the provisions of said sections 1493 and 1500, Code of Civil Procedure.

4. It is claimed that the court erred in sustaining plaintiff's demurrer to the fifth separate defense set up in the answer, wherein defendants pleaded laches of plaintiff in bringing the suit. The cause of action here involved is based upon plaintiff's right to inherit the property of Margaret E. Synnot at her death. Hence, no cause of action accrued until her demise on April 23, 1908. The suit was brought within less than two years from that date, and therefore was not barred by the provisions of the statute limiting the time within which such actions may be brought. As said by respondent: "Mere delay for a period of time less than that prescribed by the statute of limitations does not constitute laches." (*Lux* v. *Haggin,* 69 Cal. 255, [4 Pac. 919, 10 Pac. 674] ; *Ex-Mission L. & W. Co.* v. *Flash,* 97 Cal. 610, [32 Pac. 600].) Moreover, the adoption was merely the means whereby to accomplish an end, viz., the transfer to plaintiff of the property owned by Synnot at the time of her death. While in the absence of other disposition by will, the intended purpose would have been accomplished by adoption, as a re-

sult of which plaintiff would have inherited as a natural child, nevertheless, had there been an adoption, and Synnot had by will devised the property to another, plaintiff would, by virtue of the agreement, have been entitled to maintain an action for the property as against such devise. The matter thus set up constituted no defense, and hence the court did not err in sustaining the demurrer.

5. The agreement between Margaret E. Synnot and plaintiff's parents was executed in duplicate, and Margaret E. Synnot took charge of both copies thereof. At the time of her death a mutilated copy containing little of the substance of the agreement, but disclosing the signatures of the parties thereto, together with those of the witnesses to the execution of the same, was found among her papers. A diligent search was made for the other copy, or the remainder of that found, but without avail. The evidence was sufficient to establish the loss and destruction of the instrument, and to admit of parol testimony in proof of its contents. There was no error in the line of evidence admitted for the purpose of establishing the loss nor in proof of the contents of the instrument by parol.

6. The testimony of the administrator, since he was not a proper party defendant, nor the action prosecuted upon a claim against the estate of Margaret E. Synnot, was competent evidence of the contents of the instrument. (*Poulson v. Stanley*, 122 Cal. 658, [68 Am. St. Rep. 73, 55 Pac. 605].)

7. Proof alone of the execution of the written instrument would not in itself have entitled plaintiff to recover. Since she had not been legally adopted as promised, nor otherwise given the immediate right of inheritance upon the death of her aunt, it was necessary and proper, when invoking the equitable intervention of the court, to show that she performed the obligations and duties devolving upon her as the daughter of deceased, not as a mere stranger, but in reliance upon a status which she believed to exist and which belief was justified by the conduct and representations made by the aunt. We perceive no error in admitting the plaintiff's testimony for such purpose.

8. In their answer defendants alleged that plaintiff and her father had conspired together in fabricating testimony to prove the existence of the alleged contract, knowing that no

such contract had been made. This was properly stricken out by the court. The allegation contained no affirmative matter, and hence presented no issue other than that tendered by the answer in specifically denying the execution of the agreement alleged in the complaint, and upon which the cause of action was based. The right of defendants to introduce evidence was in no wise abridged by the action of the court.

9. The claim that the evidence fails to support the findings as to the execution of the agreement and its contents is based upon the contention that under subdivision 3, section 1880, Code of Civil Procedure, neither the father nor mother of plaintiff was a competent witness to testify touching the subject. As we have seen, the action was not prosecuted upon a claim against an estate, and hence the admission of the testimony did not contravene the provisions of this section.

A number of alleged errors are predicated upon the rulings of the court in admitting and rejecting evidence. It is unnecessary to enter upon an extended discussion of these rulings; suffice it to say, we have considered all of them, and, in the light of what has heretofore been said, find no merit in the points based thereon. It was not improper to prove conversations, conduct and actions on the part of the aunt which tended to show that she construed the agreement as creating the relation between her and plaintiff of mother and child by adoption. (*Van Tine* v. *Van Tine* (N. J.), 1 L. R. A. 155, 15 Atl. 249.) We perceive no error in the ruling of the court in admitting in evidence the deposition of Thomas Eileman and Mrs. Anna Duey. The stipulation of attorneys, considered with the evidence of the clerk and the record, sufficiently identifies it as a deposition taken to be used in the trial of the case under a commission duly issued authorizing the taking of the same.

We find no prejudicial error in the record, and the judgment and order are, therefore, affirmed.

Allen, P. J., and James, J., concurred.