[L. A. No. 26211.   In Bank.   Dec. 26, 1961.]

MARJORIE LUDWICKI, Plaintiff and Appellant v. BRUCE GUERIN, Individually and as Executor, etc., Defendant and Respondent.

Everett F. Beesley and Maurice Gordon for Plaintiff and Appellant.

Maury, Larsen & Hunt and George R. Maury for Defendant and Respondent.

GIBSON, C. J.—Plaintiff, Marjorie Ludwicki, the daughter of decedent Paul Guerin and his wife, Alma, brought this action on September 4, 1959, against Bruce Guerin individually, as executor of Paul's estate, and as administrator of the estates of Paul's brother and mother, asking that the court (1) impress a trust upon one-half of the property in Paul's estate on the basis of a contract executed by Paul and Alma in which they agreed to make wills leaving one-half of their property to plaintiff, (2) direct Bruce, as executor, to deliver to plaintiff one-half of the property in Paul's estate remaining after administration, (3) enjoin Bruce, as executor, from making any other disposition of such property, and (4) make a declaration of plaintiff's rights with respect to the agreement. Defendant Bruce is the adopted son of Paul and Alma.

The court held that the action was barred by the provisions of section 337, subdivision 1, and section 338, subdivision 4, of the Code of Civil Procedure.[1] Judgment was entered for defendant, and plaintiff has appealed.

[1]Section 337, subdivision 1, of the Code of Civil Procedure provides that an action founded upon an instrument in writing must be brought within four years.

Section 338, subdivision 4, of the Code of Civil Procedure provides that an action for relief on the ground of fraud or mistake must be brought within three years after discovery of the facts constituting the fraud or mistake.

The contract between Paul and Alma was executed in December 1922, and, after declaring that the parties desired a complete division and settlement of all their property interests, it provided, among other things, that each agreed to make a will by which all property subject to testamentary disposition would be left equally to plaintiff and Bruce. The document was recorded in Los Angeles County in 1923. Paul died in March 1952, and his will, which made no reference to plaintiff, provided that 45 per cent of his estate should go to his brother, 10 per cent to his mother, and 45 per cent to Bruce. Both the brother and the mother died prior to the commencement of this action. No petition for distribution has been filed in Paul's estate.

This action was commenced more than seven years after Paul's death. If the action accrued at his death, it obviously was not brought within the four-year period specified in subdivision 1 of section 337 of the Code of Civil Procedure, *supra,* or within the similar period prescribed in section 343 for an action for relief "not hereinbefore provided for." We shall first determine when plaintiff's cause of action accrued insofar as concerns these provisions.

██ An action of the type involved here has been called one for quasi-specific performance of the contract to make a will. (See *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 [106 P.2d 879].) Since the making of a will cannot be compelled, there can be no specific performance of such a contract in the strict sense, but under certain circumstances equity will give relief equivalent to specific performance by impressing a constructive trust upon the property which decedent had promised to leave to plaintiff. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 [106 P.2d 879]; *Notten* v. *Mensing,* 3 Cal.2d 469, 473 [45 P.2d 198]; *Rogers* v. *Schlotterback,* 167 Cal. 35, 45 [138 P. 728].) ██ The jurisdiction over such actions rests in equity and not in probate. (*Brown* v. *Superior Court,* 34 Cal.2d 559, 565 [212 P.2d 878].) ██ A contract to make a will is breached only if it has not been complied with at the time of the promisor's death, and for this reason the cause of action for the breach does not ordinarily accrue or the period of limitation commence to run until the promisor dies. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 593 [349 P.2d 289]; see 57 Am.Jur. 160, 54 C.J.S. 48.)[2] Plain-

---

[2] Where the promisor makes an inter vivos transfer in anticipatory breach of the promisee's rights the promisee may obtain the imposition of a trust during the lifetime of the promisor. (*Brewer* v. *Simpson,*

tiff contends that the action against the beneficiaries under the will to impress the trust does not accrue until the estate is distributed, while it is defendant's position that it accrues at the promisor's death.

Although situations similar to the one presented here have often been before the appellate courts, the theory advanced by plaintiff does not appear to have been urged in prior cases. In many of the cases the actions were instituted during the administration of the promisor's estate and named the administrator or the executor as one of the defendants; in none of them was it held that the action was prematurely brought. (E.g., *Jones* v. *Clark*, 19 Cal.2d 156 [119 P.2d 731]; *Wolf* v. *Donahue*, 206 Cal. 213 [273 P. 547]; *McCabe* v. *Healy*, 138 Cal. 81 [70 P. 1008]; *De Hermosillo* v. *Morales*, 146 Cal.App. 2d 819 [304 P.2d 854]; *Potter* v. *Bland*, 136 Cal.App.2d 125 [288 P.2d 569]; *Ryan* v. *Welte*, 87 Cal.App.2d 897 [198 P.2d 357]; *Sonnicksen* v. *Sonnicksen*, 45 Cal.App.2d 46 [113 P.2d 495].) ▮▮▮ Some decisions have stated or implied that the action for quasi-specific performance accrues and the statute starts to run at the promisor's death. (*Brewer* v. *Simpson*, 53 Cal.2d 567, 593 [349 P.2d 289]; *Rogers* v. *Schlotterback*, 167 Cal. 35, 48-49 [138 P. 728]; *Potter* v. *Bland*, 136 Cal.App.2d 125, 134 [288 P.2d 569]; *Keefe* v. *Keefe*, 19 Cal.App. 310, 312, 314 [125 P. 929]; *Furman* v. *Craine*, 18 Cal.App. 41, 47 [121 P. 1007]; see *Lubin* v. *Lubin*, 144 Cal.App.2d 781, 790 [302 P.2d 49].) We have concluded that for the reasons hereafter discussed this is the proper rule.

When a person dies, the title to his property, real and personal, passes to the person to whom it is left in his will or who takes by intestacy, but all his property is subject to the possession of the executor or administrator for purposes of administration. (Prob. Code, § 300.)[3] ▮▮▮ If the will creates an express trust, the legal title of the trustee and the equitable

---

53 Cal.2d 567, 593 [349 P.2d 289]; *Osborn* v. *Hoyt*, 181 Cal. 336, 340-341 [184 P. 854].)

[3]Section 300 of the Probate Code provides: ''When a person dies, the title to his property, real and personal, passes to the person to whom it is devised or bequeathed by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as provided in Division II of this code; but all of his property shall be subject to the possession of the executor or administrator and to the control of the superior court for the purposes of administration, sale or other disposition under the provisions of Division III of this code, and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, except as otherwise provided in this code.''

title of the beneficiary vest as of the date of death, even though the trust estate is residuary in character. (*Estate of Platt,* 21 Cal.2d 343, 347 [131 P.2d 825].) The same principle should be applied to a constructive trust based on conduct of the decedent, including failure to perform a promise to make a will. Accordingly in such a situation a constructive trust in favor of the promisee and against those who take under decedent's will or by intestacy may be imposed immediately after the date of death.

The action to impose the trust does not interfere with the proceedings in probate. It does not set forth a claim against the estate, or against the executor, or against his right to possession for the purposes of administration.

The action is in effect a suit between a claimant under the contract and claimants under the will or by intestacy as to who is entitled to all or part of the estate, and it does not purport to interfere with the administration by the executor, who, with respect to the proceeding, is in the position of a stakeholder. (*Estate of Healy,* 137 Cal. 474, 477 [70 P. 455].)

The executor, however, may properly be made a party defendant, as was done in this case, for the purpose of restraining him from distributing the property without regard for plaintiff's interests. (*Furman* v. *Craine,* 18 Cal.App. 41, 46-47 [121 P. 1007].)

There are obvious objections to the postponement of the action until after distribution of the estate. If this were the law, recovery by the plaintiff might be delayed for many years, important evidence might be lost, and it might be possible for the distributees to consume the property or remove it from the jurisdiction. Further, it would be more difficult to determine what the plaintiff is entitled to receive from each distributee than to give him his share from the assets of the estate while they are in the hands of the executor or administrator.

The cases relied upon by plaintiff are not persuasive. *Bank of California* v. *Superior Court,* 16 Cal.2d 516, 524 [106 P.2d 879], did not deal with the statute of limitations or the time when a cause of action for quasi-specific performance accrued. It involved the question whether all beneficiaries under the promisor's will were indispensable parties. The statement that the "action in these cases is against the distributee personally" may reasonably be construed as including prospective distributees, and the opinion contains nothing which is inconsistent with the views expressed above.

In *Brazil* v. *Silva,* 181 Cal. 490, 499-500 [185 P. 174], the action to impose a constructive trust was not based upon breach of a contract to make a will. It was an action by heirs of the decedent based on the fraudulent prevention by the defendant of the destruction, directed by the decedent, of a will in the defendant's favor. The court held that, although the action to impose a trust could have been brought when the wrongdoer fraudulently obtained probate of the will, an action for recovery of possession did not lie so long as the property was in possession of the administratrix and that suit could properly be commenced within the period of limitation for recovery of possession of property computed from the date of the distribution. The court, however, ignored the fact that the right to recover possession was necessarily dependent upon the existence of plaintiffs' equitable interest in the estate and could not be sustained if the action to impose the trust was barred. The reasoning in the opinion is wrong and is disapproved.

The case of *Steinberger* v. *Young,* 175 Cal. 81, 90 [165 P. 432], in holding that an action for quasi-specific performance was not barred by the statute of limitations, merely stated, "The complaint was filed within the period fixed by any of the sections of the Code of Civil Procedure relied upon by the appellants." The decision cannot aid plaintiff, because the opinion contains no discussion whatsoever of the problem and it is not possible to ascertain the theory relied upon by the court.

*Blair* v. *Mahon,* 104 Cal.App.2d 44, 49, 51-52 [230 P.2d 832], is not in point. The action was based on fraud committed by an executrix against a beneficiary of the estate, and the court held that because of the confidential relationship between an executrix and such a beneficiary the statute of limitations in an action based on breach of this relationship did not start running until possession of the property by defendant in her capacity as executrix was terminated by distribution.

Plaintiff's cause of action accrued in March 1952, when Paul died, and her suit, filed in September 1959, was not brought within the four-year period specified by subdivision 1 of section 337 of the Code of Civil Procedure or within the similar period prescribed in section 343. The only remaining theory urged under which plaintiff might escape the bar of the statute of limitations is that her action was timely within the meaning of subdivision 4 of section 338 of the Code of Civil Procedure, which prescribes a three-year

period of limitation for actions based on fraud or mistake and provides that the cause of action does not accrue until the discovery by the aggrieved party of the fraud or mistake. If we assume, without deciding, that this provision is applicable to an action to obtain quasi-specific performance of a contract to make a will, the record nevertheless shows that plaintiff is barred by the statute of limitations.

There is evidence from which it could reasonably be inferred that plaintiff knew of the contract more than three years before she commenced the action. Although plaintiff resided a part of the time since 1948 in Michigan, she made frequent trips to the city of Los Angeles and was there in 1952 during the trial of a will contest filed by Alma in Paul's estate. In that proceeding she was a witness for her mother and was with her mother every day during the trial. She had a "natural affection" for her mother, usually visited with her at Christmas, and visited her from time to time throughout the period from March 1952 to September 1959. She did not communicate with Bruce after 1951. A copy of the contract in question was filed in an action brought by Bruce against Alma, which was tried in Los Angeles County in March 1955. Although plaintiff did not appear at the trial, she visited with her mother in Arizona at Christmas in 1954, at which time the case was mentioned. She was in Los Angeles in February of 1955, and she received letters from her mother referring to the trial. The trial court could reasonably infer that plaintiff's mother, knowing of the obvious importance of the contract to plaintiff, had informed her of its existence during or before the 1955 trial.

It follows from what we have said that all affirmative and preventive relief sought by plaintiff is barred by the statute of limitations. The cause of action for declaratory relief, therefore, is also barred. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 733-734 [146 P.2d 673, 151 A.L.R. 1062].)

The judgment is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.