[Civ. No. 20189. First Dist., Div. Two. Apr. 17, 1962.]

NORMAN RICHARD DEMING et al., Plaintiffs and Appellants, v. CASIA DRACHMANN, Defendant and Respondent.

Willard E. Bohn and John A. Bohn for Plaintiffs and Appellants.

Winters & Winters, Robert K. Winters and Mary Ann Winters for Defendant and Respondent.

SHOEMAKER, J. — Plaintiffs Norman Richard Deming and John Monroe Deming, only grandchildren of John and Lillian Griffin, appeal from a judgment entered upon the sustaining of a demurrer without leave to amend their complaint to enforce a constructive trust on certain property, to compel a conveyance thereof, and to obtain a decree that defendant Casia Drachmann has no interest in the property in question.

The allegations of the complaint are to the effect that plaintiffs were beneficiaries under mutual reciprocal wills executed by John and Lillian Griffin, husband and wife, pursuant to an oral agreement to the effect that upon the death of either, all of their property should go to the survivor and, upon the

death of the survivor, to plaintiffs; that after the execution of the wills and before they were revoked, the wife died; that the husband accepted in full the benefits of the wife's will; that after the death of his wife, he revoked his will and executed a new will, leaving substantially all of his property to defendant; that this new will has been offered for probate.

Defendant demurred to the complaint, both generally and specially. As grounds for general demurrer, defendant alleged (1) that the action was prematurely brought; and (2) that the action was based upon an oral contract barred by the statute of frauds. The grounds raised by way of special demurrer were (1) that a will contest then pending in probate would dispose of all the issues raised by the complaint; (2) that there was a defect of parties in that defendant had not received title to any of the assets of the decedent's estate; and (3) that several causes of action were improperly united and not separately stated. The trial court sustained the demurrer without leave to amend on the ground that the action was premature because the complaint failed to allege that the last will of John Griffin had been admitted to probate and the property in question distributed to the defendant.

 With respect to specification 2 of the general demurrer, respondent concedes that this ground is not well taken and that an action will lie in equity to establish a constructive trust based upon an oral agreement such as that pleaded in the instant case. (See *Notten* v. *Mensing* (1935) 3 Cal.2d 469 [45 P.2d 198]; *West* v. *Stainback* (1952) 108 Cal.App.2d 806 [240 P.2d 366]; *Daniels* v. *Bridges* (1954) 123 Cal.App.2d 585 [267 P.2d 343].)

The sole question remaining is whether the general demurrer was properly sustained on the ground that the action was premature. Respondent, in support of the trial court's ruling, contends that a complaint, in order to state a cause of action for equitable enforcement of a mutual wills contract, must contain the allegation that a will in violation of the contract has been admitted to probate and that the estate has been distributed. It is respondent's position that a party cannot become a constructive trustee of property which he has not yet acquired. Since legatees or devisees under a will do not acquire possession of the estate until probate and distribution proceedings have been completed, a complaint filed prior to that time states no cause of action for equitable relief.

The principles discussed in the recent case of *Ludwicki* v. *Guerin* (1961) 57 Cal.2d 127 [17 Cal.Rptr. 823, 367 P.2d

415], are controlling here. In that case the Supreme Court held that an action to obtain quasi-specific performance of a wills contract was barred by the statute of limitations, since it had not been commenced within four years of the decedent's death. Although the plaintiff there contended that no cause of action could be deemed to arise prior to distribution of the estate, the court rejected this contention, and, at page 133, disapproved the language to that effect in *Brazil* v. *Silva* (1919) 181 Cal. 490 [185 P. 174] (cited by appellant as authority for her position). The court pointed out that title to property in a decedent's estate vests in his devisees or legatees immediately upon his death. (Prob. Code, § 300; *Reed* v. *Hayward* (1943) 23 Cal.2d 336, 340 [144 P.2d 561].) ▆ "If the will creates an express trust, the legal title of the trustee and the equitable title of the beneficiary vest as of the date of death, even though the trust estate is residuary in character. (*Estate of Platt,* 21 Cal.2d 343, 347 [131 P.2d 825].) The same principle should be applied to a constructive trust based on conduct of the decedent, including failure to perform a promise to make a will. Accordingly in such a situation a constructive trust in favor of the promisee and against those who take under decedent's will or by intestacy may be imposed immediately after the date of death." (Pp. 131-132.)
▆ The court went on to state that the action to impose the trust in no way interfered with the proceedings in probate and concluded that the plaintiff's cause of action, having arisen immediately upon the decedent's death, became barred by Code of Civil Procedure, section 337, subdivision 1, four years thereafter (p. 133).

In view of the *Ludwicki* holding, appellants have not brought this action prematurely, and the sustaining of the general demurrer on this ground was erroneous.

▆ Where special grounds are raised, however, and the trial court's ruling is based solely on the general grounds, it will be presumed that the ruling was made either without consideration of the special grounds or upon a determination that they were not well taken. (*Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal.2d 416, 425-426 [282 P.2d 890].)

The judgment is reversed, with directions to the trial court to overrule the general demurrer and to rule on the points presented by the special demurrer.

Kaufman, P. J., and Agee, J., concurred.