[Civ. No. 7178.   Fourth Dist.   Sept. 24, 1963.]

LAURENE LAURANCE, Plaintiff and Appellant, v. SECURITY-FIRST NATIONAL BANK, as Executor, etc., Defendant and Respondent.

Wilson & Wilson and Fred A. Wilson for Plaintiff and Appellant.

Glenn B. Soelberg for Defendant and Respondent.

STONE, J.*— In 1953 plaintiff-appellant's father and mother executed a property settlement agreement in connection with their divorce proceeding. They agreed to convey a parcel of real property in Manhattan Beach to themselves as tenants in common and to each execute a will devising his one-half interest in the real property to plaintiff. They agreed not to revoke their wills unless plaintiff predeceased them.

The father performed all of the terms and provisions of the property settlement agreement with respect to appellant.

*Assigned by Chairman of Judicial Council.

Upon the mother's death March 13, 1961, her will was admitted to probate, and defendant-respondent, Security-First National Bank, was appointed executor. The mother, by her will, bequeathed plaintiff her jewelry, household furnishings, personal belongings and her car, but the real property was not specifically devised.

Plaintiff filed this action for declaratory relief, contending that the real property is not a part of her mother's estate for the reason that it vested in plaintiff upon her mother's death by virtue of the property settlement agreement.

Findings of fact and conclusions of law were waived, and after motion for a new trial the court entered a *nunc pro tunc* judgment which provided that none of the heirs, devisees and legatees of the mother, nor the Security-First National Bank as trustee, has any interest in the real property. The decree provided also that the executor holds an undivided one-half interest in and to the real property as trustee for and on behalf of plaintiff.

It is not the constructive trust aspect of the judgment that plaintiff disputes, but, rather, the mechanics of obtaining title in the estate proceeding. The final paragraph of the judgment to which plaintiff takes exception reads:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said property described above is subject to administration in the probate estate of FERN V. LAURANCE, Deceased, and that at the close of said probate estate an undivided one-half interest in and to the said above described property shall be distributed to plaintiff, LAURENE LAURANCE."

Plaintiff argues that since the death of her mother terminated the constructive trust, thereby automatically vesting title in plaintiff, the property is not subject to probate administration and the court should have ordered the executor to immediately convey the property to her.

The question appears to be settled by *Ludwicki* v. *Guerin*, 57 Cal.2d 127 [17 Cal.Rptr. 823, 367 P.2d 415], a case concerned with an agreement to make a will which the decedent failed to perform. The beneficiary sought to impress a trust upon the property which she would have received had the terms of the agreement to make a will been performed. The following language is found at pages 131-132:

"When a person dies, the title to his property, real and personal, passes to the person to whom it is left in his will or who takes by intestacy, but all his property is subject to the *possession of the executor or administrator for purposes of*

administration. (Prob. Code, § 300.) If the will creates an express trust, the legal title of the trustee and the equitable title of the beneficiary vest as of the date of death, even though the trust estate is residuary in character. [Citation.] The same principle should be applied to a constructive trust based on conduct of the decedent, including failure to perform a promise to make a will. Accordingly in such a situation a constructive trust in favor of the promisee and against those who take under decedent's will or by intestacy may be imposed immediately after the date of death.

"The action to impose the trust does not interfere with the proceedings in probate."

The *nunc pro tunc* judgment of the trial court followed the *Ludwicki* case in providing not only that the executor holds the property under a constructive trust but also by ordering the executor to distribute the property to plaintiff in the course of the probate proceeding.

The recent case of *Pluth* v. *Smith*, 205 Cal.App.2d 818 [23 Cal.Rptr. 550], categorically reiterates the rule of *Ludwicki* by the following language appearing at page 829:

"A contract to make a will may be enforced in equity by impressing a trust upon the property which the decedent had promised to leave. The property in question is subject to administration, and prosecution of the action on the contract does not interfere with administration of the estate." (See also *Goldstein* v. *Hoffman,* 213 Cal.App.2d 803, 812, 813 [29 Cal.Rptr. 334].)

Had plaintiff's mother made her will in accordance with the agreement, plaintiff would have been in the same position as that which she now occupies under the decree. The court simply acknowledged the mother's contract to make a testamentary disposition in plaintiff's behalf, and then ordered "quasi-specific performance of the contract to make a will" by granting "relief equivalent to specific performance by impressing a constructive trust upon the property which decedent had promised to leave to plaintiff." (*Ludwicki* v. *Guerin, supra,* at p. 130.)

It is also suggested that the court exceeded the scope of the declaratory relief sought, since plaintiff simply asked for a declaration of her rights in respect to the real property by virtue of the property settlement agreement. The court went a step further and directed the executor to take the necessary steps to implement those rights in the course of the probate proceeding.

■ Quite apart from the pleadings which we shall discuss presently, it must be noted that declaratory relief is equitable, and that a court of equity will administer complete relief when it assumes jurisdiction of a controversy. In *Abbott* v. *City of San Diego*, 165 Cal.App.2d 511, at page 525 [332 P.2d 324], the court said:

" 'It is the duty of the court hearing an action for declaratory relief to make a complete determination of the controversy.' " (See also *American Enterprise, Inc.* v. *Van Winkle*, 39 Cal.2d 210 [246 P.2d 935]; *Veale* v. *Piercy*, 206 Cal.App.2d 557 [24 Cal.Rptr. 91].)

■ Turning now to the pleadings, plaintiff prayed for a declaratory judgment determining not only her rights in and to the real property under the property settlement agreement, but also defendant-executor's duties. She also prayed for a decree adjudging that the executor be authorized and directed to execute a conveyance of the one-half interest to plaintiff. The issues thus raised by plaintiff were broad enough to encompass the court's order for conveyance of the property.

■ We are satisfied that in the absence of a document conveying the property, or of a devise of the property by will, the declaratory judgment properly ordered title conveyed from the name of the deceased to that of plaintiff in the course of the probate proceeding.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied October 17, 1963, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1963.