[Civ. No. 21015. First Dist., Div. Three. Feb. 13, 1964.]

MARY A. REID, Plaintiff and Respondent, v. ANGEL-
ETTE ASANOVIC, Defendant and Appellant; CLAIRE
ANNE ASANOVIC, Defendant and Respondent.

Pierre A. Fontaine for Defendant and Appellant.

John Paul Jones and C. Leonard Rosenberg for Plaintiff
and Respondent.

Joseph R. Longacre, Jr., for Defendant and Respondent.

DRAPER, P. J.—The trial court impressed a constructive trust upon property acquired by defendant Angelette Asanovic from her deceased husband, Peter. She appeals.

■ Peter Asanovic and his first wife, Jennie, signed a property settlement agreement in 1939. It provided, in part, that Peter should execute a will leaving to their one child Mary (plaintiff herein), "all the estate . . . owned by (him) at the time of his death," if no children other than she survived him. If he left other children, his property was to be left to Mary and to "any other child or children of his living at the time of his death, share and share alike." The agreement was approved by and incorporated in the interlocutory decree of divorce entered two weeks after date of the agreement, and like provision was made in the final decree in 1940.

Jennie died in 1942. In 1944, Peter married defendant, Angelette. They had one child, defendant Claire, born in 1945. Angelette had no property at the time of the marriage and no earnings after marriage. Peter's sole (and successful) occupation after his marriage was the management of his separate property, including that acquired under the settlement agreement. Thus the holdings of Peter and Angelette at his death are traceable to his separate property at the date of his marriage to Angelette, including that vested in him by the 1939 agreement. After 1944, he deeded two parcels to Angelette, and placed most of his remaining property in joint tenancy of himself and Angelette. He never made the will required by the property settlement agreement. At his death in 1958, he left a will naming Angelette as sole beneficiary, and specifically disinheriting plaintiff Mary.

Mary brought this action, asserting that Claire had rights equal to her own. Claire refused to join in the action against her mother, and was therefore made a defendant.

The trial court found that the two deeds to Angelette were reasonable gifts, and awarded those properties to her. The remaining property, principally that held in joint tenancy, was found to be a reasonable gift to Angelette as to a half interest, but as to the remaining half to have been given to Angelette "with intent to defeat the spirit and purpose" of the property settlement agreement. A trust for Mary and Claire, to the extent of a one-fourth interest each, was impressed upon these properties.

The net result was to award Angelette nearly 60 per cent of the total property in issue, valued in 1958 at more than $270,000, and to divide the remainder equally between Mary

and Claire. Since no appeal is taken by Mary or Claire, the only question before us is whether they were awarded too much.

Appellant Angelette asserts that the two daughters are entitled to nothing. She relies upon language of an early decision (*Owens* v. *McNally*, 113 Cal. 444, 454 [45 P. 710, 33 L.R.A. 369]) for the rule that Peter's property settlement agreement with Jennie was void as against public policy insofar as it provided for testamentary disposition of his property. She misapprehends the true rule of that decision. It does state that if the oral and uncertain agreement there involved were "designed as a restraint upon . . . marriage," and would take the decedent's "entire estate to the exclusion of any future wife or child," it would be void upon the intervention of the rights of innocent third parties.

*Owens,* however, does not bar the "quasi-specific performance" of a contract to make a will. The right to such performance has often been recognized (e.g. *Brewer* v. *Simpson,* 53 Cal.2d 567 [2 Cal.Rptr. 609, 349 P.2d 289]; *Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879]; *Brown* v. *Superior Court,* 34 Cal.2d 559 [212 P.2d 878]; *Ludwicki* v. *Guerin,* 57 Cal.2d 127 [17 Cal.Rptr. 823, 367 P.2d 415]). Moreover, the present agreement was written and clear. It did not exclude, but specifically recognized the rights of future children of Peter. As to Angelette, it is true that she is an innocent party in the sense that she had no knowledge of Peter's agreement with Jennie. But the trial court has generously recognized her rights.

Peter's agreement necessarily implied a covenant "not to make unreasonable use of the property, as by conveying it all away so that the named third party beneficiaries will receive nothing" (*Brewer* v. *Simpson, supra,* 53 Cal. 2d 567, 589). Here the trial court, in determining what uses of his property by Peter were reasonable, has exercised its equity powers to assure complete fairness to Angelette and her 14 years of wifely devotion to Peter's interests. We find no error.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1964.