Filed 2/20/25; Certified for Publication 2/27/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Estate of BARRY TARLOW, Deceased. | B333665 |
| DAVID HENRY SIMON, Appellant, v. BARBARA TARLOW RAPPOSELLI and GERALD TARLOW, Petitioners and Respondents. | (Los Angeles County Super. Ct. No. 21STPB05851) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jessica Uzcategui, Judge.  Reversed and Remanded.

Sheila Pendergast Law Corp. and Sheila W. Pendergast for Appellant.

Polsinelli, John W. Peterson and J. Alan Warfield for Petitioners and Respondents.

# INTRODUCTION

If a will creates a trust and names a trustee, does that trustee have standing to seek a court order determining their right to take charge of the trust assets? We hold that they do. Probate Code section 11700[1] provides that "any person claiming to be a beneficiary or otherwise entitled to distribution of a share of the estate, may file a petition for a court determination of the persons entitled to distribution of the decedent's estate." As explained below, when a will creates a trust, the named trustee is the person entitled to receive the assets intended to fund the trust, and is therefore a "person claiming to be . . . entitled to distribution of a share of the estate." Thus, the trustee "may file a petition" and the court must then determine the validity of the trustee's claim.

# FACTS AND PROCEDURAL BACKGROUND

## I.    *The Will*

Attorney Barry Tarlow executed a will in November 2005, to which he made minor modifications in 2006. He made a series of specific gifts, then left the balance of his estate (Estate) to be evenly divided between his sister, respondent Barbara Tarlow Rapposelli (Barbara),[2] and their brother, respondent Gerald Tarlow (Gerald), "in equal shares." According to the terms of the will, Gerald was to receive his share "outright and free of trust," but Barbara's share was to be deposited in the "Barbara Tarlow Trust" (Trust).

---

[1]    All future statutory references are to the Probate Code, unless otherwise stated.

[2]    Respondents are the siblings of decedent Barry Tarlow and share his name. We use first names for clarity. We intend no disrespect.

2

The will named a trustee for the Trust, appellant David Henry Simon (Simon),[3] who was to distribute Trust funds to Barbara as he felt necessary "for her support, maintenance, health and education."  On Barbara's death, all Trust assets would be distributed to Gerald outright; if Gerald had already died, the assets would be distributed to a donor advised fund at Fidelity Charitable Gift Fund (Fidelity Fund).

II.      *Estate Administration*

Barry Tarlow died on April 30, 2021.  The will nominated Simon as executor, but Simon declined that role at the request of Barbara and Gerald.  This allowed Barbara and Gerald to become the executors themselves, while Simon retained his more limited role as trustee of the Trust.  The will was admitted to probate in July 2021.  Barbara's share of the residual interest in the Estate, the portion intended to fund the Trust, was valued at more than $20 million.

In December 2021, Barbara contracted to buy the Fidelity Fund's remainder interest in the Trust for $100,000.[4]  The sale contract notes that because Gerald is five years younger than Barbara,[5] the price reflects a discount based on the likelihood that Barbara would predecease Gerald and Fidelity Fund's interest would then be extinguished.  It also records Barbara's intent to petition for modification of the Trust, and her intent to disclaim her interest in the Trust if that petition should prove unsuccessful.

---

[3]      Simon was Barry Tarlow's former law partner and longtime friend.

[4]      Barbara did not use any funds obtained from the Estate to complete this transaction.

[5]      Barbara was either 77 or 78 at the time.

3

In January 2022, Barbara and Gerald filed an ex parte petition to be appointed as trustees of the Trust, replacing Simon, and to modify the terms of the Trust to allow Barbara to decide how the trust assets would be distributed after her death if Gerald predeceased her. Simon objected, and the trial court denied the petition without prejudice because the requirements for an ex parte application had not been met.

Also in January 2022, Barbara and Gerald settled the only creditor's claim made against the Estate. Marcia Morrissey, Barry Tarlow's long-term partner, had filed a claim for $16 million. Barbara and Gerald settled the claim for $4.5 million.

### III.  *Final Distribution*

In July 2022, Barbara and Gerald filed a petition for final distribution of the Estate and payment of attorney's fees under section 11600.[6] The petition stated that Barbara had disclaimed her share of the residue of the Estate, and Gerald disclaimed his interest in the tangible personal property of the Estate, a portion of which had already been sold for $694,721. Under the terms of the will, this meant Barbara would get Gerald's share of the tangible personal property in the Estate, and Gerald would get Barbara's share of everything else.

In September 2022, Simon objected to Barbara and Gerald's petition, arguing Barbara had not properly disclaimed her interest and authorizing the distribution would improperly deprive the Trust of funds for both

---

[6]  Section 11600 provides: "The personal representative or an interested person may petition the court under this chapter for an order for preliminary or final distribution of the decedent's estate to the persons entitled thereto."

4

Barbara and the Fidelity Fund.[7]  In October 2022, Simon filed his own petition under section 11700, asking the court to distribute Barbara's interest to him as trustee of the Trust, and to rescind Barbara's purchase of the Fidelity Fund's interest in the Trust as an illegal contract.

Barbara and Gerald demurred to Simon's petition on the grounds that Simon lacked standing to seek relief against Barbara.  The trial court sustained Barbara and Gerald's demurrer, with leave to amend, ruling Simon had no standing to file a petition.

Simon filed an amended petition, again asking the court to determine that Barbara had neither properly disclaimed her share of the residue of the Estate, nor properly purchased Fidelity Fund's remainder interest in that share.  Barbara and Gerald again demurred.

The trial court sustained the demurrer, without leave to amend, finding that Simon had not changed his petition except to add further legal argument which it found unpersuasive.

Simon timely appealed.


## DISCUSSION

Simon argues that a trial court is required to hold an evidentiary hearing on a petition filed under section 11700, so long as the petitioner pleads a relationship to the decedent and the basis for his claim.  He also argues that as trustee of the Trust, he has standing under two separate portions of the Probate Code: section 11700 itself, as well as section 48.

---

[7]     The court's eventual ruling on Simon's objections to Barbara and Gerald's petition is the subject of a separate appeal, assigned case No. B334406.

Finally, he argues that the trial court improperly assumed the validity of Barbara's disclaimer.

The trial court's determination on standing presents a question of law which we review de novo. (*San Luis Rey Racing, Inc. v. California Horse Racing Bd.* (2017) 15 Cal.App.5th 67, 73; *Tarin v. Lind* (2020) 47 Cal.App.5th 395, 403–404.) We hold that the undisputed facts confer standing on Simon under section 11700. Having reached that conclusion, we need not discuss his other arguments.

I.      *Governing Law*

Probate proceedings are statutory; the language of the applicable statute defines the court's powers and responsibilities. (See *Bruno v. Hopkins* (2022) 79 Cal.App.5th 801, 816–817 (*Bruno*).) Section 11700 provides: "[a]t any time after letters are first issued to a general personal representative and before an order for final distribution is made, the personal representative, or any person claiming to be a beneficiary or otherwise entitled to distribution of a share of the estate, may file a petition for a court determination of the persons entitled to distribution of the decedent's estate. The petition shall include a statement of the basis for the petitioner's claim." The "primary purpose" of this section is to establish which persons are proper heirs of an estate and therefore entitled to a distribution. (*Estate of Stehr* (1986) 181 Cal.App.3d 1131, 1135.) A proceeding under this section is "permissive"; if no such petition is filed, "the court may determine who is entitled to distribution in a final distribution order." (*Estate of Flores* (2024) 98 Cal.App.5th 619, 631.)

A proceeding under section 11700 is "a specialized proceeding in rem." (*Estate of Flores, supra,* 98 Cal.App.5th at p. 638.) It clarifies the status of

6

the estate, determining who has valid claims to distribution of estate assets and the priority of those claims. (*Ibid.*) It does not declare any party's personal rights or obligations concerning any other party; it only declares their respective relationships to the estate. (*Ibid.*; compare *Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 71–73 [describing interpleader actions].)

II.    *Analysis*

Section 11700, as case law explains, provides a means for the court to adjudicate the "rights of [an] heir, devisee, or legatee to a share of the estate." (*Estate of Flores, supra,* 98 Cal.App.5th at p. 639.) An "heir" is a person "entitled to take property of the decedent by intestate succession" under the Probate Code. (§ 44.) In contrast, a "devisee" is a ́ person designated in a will" as the recipient of a "devise," or gift of property. (§§ 32 and 34.)

Where a will creates a trust, the trustee "is a devisee under the will" because they are the person designated to receive the trust property from the estate and administer it according to the terms of the bequest. (*In re Wellings' Estate* (1923) 192 Cal. 506, 510 (*Wellings*).) Section 34, subdivision (b) provides that "[i]n the case of a devise . . . to a trustee on trust described by will, the trust or trustee is the devisee and the beneficiaries are not devisees." The trustee's legal title to the trust property vests "as of the date of death." (*Ludwicki v. Guerin* (1961) 57 Cal.2d 127, 132, superseded by statute on unrelated grounds as stated in *Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 555.)

Here, because Simon is the named trustee of the Trust, he is a devisee under the will, entitled to receive and administer the trust property from the Estate, and therefore is a "person claiming to be . . . entitled to distribution of a share of the estate" under section 11700. Thus, Simon is one of those

7

persons who "may file a petition," under the statute. (§ 11700.) He has standing to proceed under section 11700.

Barbara and Gerald argue that Barbara has a statutory right to disclaim the Trust, her disclaimer should be presumed valid, and Simon cannot force her to accept a gift she does not want. However, the presumption that disclaimers are valid is not conclusive. (*Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1164.) And a demurrer is not an evidentiary motion to which such a presumption may be applied. (See *Barefoot v. Jennings* (2020) 8 Cal.5th 822, 827.)

Barbara and Gerald also argue Simon only has standing if he represents the pecuniary interests of a beneficiary of the Estate. For this proposition, they rely on section 48 and case law. However, section 48 is a definitional provision that gives the meaning of the term "interested person." This term does not appear in section 11700, and therefore section 48 does not apply. Likewise, none of the cases respondents cite involve section 11700.[8] Simon's standing to file a petition under section 11700 is defined by the terms of that section, not other sections. (See *Bruno, supra,* 79 Cal.App.5th at pp. 816–817.)

Finally, Barbara and Gerald argue that Simon has failed to properly plead the invalidity of Barbara's disclaimer, and that there is no factual dispute requiring an evidentiary hearing. We need not discuss that argument because Simon need not plead facts concerning the disclaimer to

---

[8]     *Estate of Sobol* (2014) 225 Cal.App.4th 771 involved a will contest that required the application of section 48. *Estate of Baird* (1987) 196 Cal.App.3d 957 and *Estate of Getty* (1978) 85 Cal.App.3d 755 both involved will contest proceedings under prior sections of the Probate Code. *Pillsbury v. Karmgard* (1994) 22 Cal.App.4th 743 involved a trust beneficiary who brought a civil suit for malicious prosecution.

establish his standing under section 11700. That section provides standing to any "person claiming to be . . . entitled to distribution of a share of the estate." It is undisputed that Simon was named trustee of the Trust and therefore is a person with a claim to be entitled to distribution of a share of the Estate. The validity of Simon's claim is to be determined by the proceedings on his petition. Barbara and Gerald cite no authority which requires Simon to preemptively plead facts invalidating Barbara's disclaimer.

We express no opinion on the validity or ultimate effect of Barbara's disclaimer, which Barbara and Gerald remain free to raise in response to Simon's petition. Nor do we express any opinion on the validity of Barbara's purchase of Fidelity Fund's remainder interest in the Trust, or on whether that issue can properly be determined in section 11700 proceedings under current case law. (See *Estate of Flores, supra,* 98 Cal.App.5th at pp. 632–639.) We remand so the trial court may decide these and any other contested issues. (See *Bombardier Recreational Products, Inc. v. Dow Chemical Canada ULC* (2013) 216 Cal.App.4th 591, 605 [absent exceptional circumstances, factual determinations should be left to the trial court].) Section 11704 provides the trial court with discretion to order an evidentiary hearing for that purpose, if necessary.

III. *Conclusion*

Probate proceedings are statutory in nature, and standing is determined by the applicable statute. (See *Bruno, supra,* 79 Cal.App.5th at pp. 816–817.) Here, the proceeding before the trial court was a petition under section 11700. That section authorizes any person who has a claim to distribution from an estate to file a petition. Simon has such a claim. Therefore, he has standing to bring the petition. Whether Barbara's

9

disclaimer invalidates Simon's claim goes to the merits of the petition.  It does not affect Simon's standing.

## DISPOSITION

The order of the trial court sustaining the demurrer is reversed.  The case is remanded for further proceedings consistent with sections 11700 et seq., and with this opinion.  Appellant shall recover his costs on appeal.


ZUKIN, Acting P. J.

WE CONCUR:


MORI, J.


DAUM, J.*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Estate of BARRY TARLOW, Deceased. | B333665 |
| | (Los Angeles County Super.Ct. No. 21STPB05851) |
| DAVID HENRY SIMON, | |
| Appellant, | |
| v. | ORDER RE PUBLICATION |
| BARBARA TARLOW RAPPOSELLI and GERALD TARLOW, | |
| Petitioners and Respondents. | |

THE COURT:*

The opinion in the above-entitled matter filed on February 20, 2025, was not certified for publication in the Official Reports. On our own motion, the court determines there is good cause to publish the opinion in the above-entitled matter.

---

*ZUKIN, Acting P. J.      MORI, J.      DAUM, J.**

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.